PEOPLE v SCOTT

PEOPLE v BAYTOPS

Docket Nos. 57987, 58820. Submitted November 12, 1981, at Detroit. —Decided March 12, 1982.

Robert W. Scott and Anthony R. Baytops pled guilty to charges of armed robbery and violation of the felony-firearm statute at a joint plea-taking proceeding in Detroit Recorder's Court and were sentenced, Dalton A. Roberson, J. Defendants appealed separately and their appeals have been consolidated. *Held:*

1. The trial court did not err by not informing defendant Baytops of any mandatory minimum term for armed robbery.

2. Defendant Baytops's convictions for armed robbery and felony-firearm do not violate the Double Jeopardy Clause of the United States Constitution or the Michigan Constitution.

3. The trial court did not abuse its discretion by not allowing defendant Scott to withdraw his guilty plea at the beginning of the sentencing hearing.

Affirmed.

1. ROBBERY — ARMED ROBBERY — MINIMUM SENTENCES.

There is no mandatory minimum term of imprisonment for armed robbery.

2. CRIMINAL LAW — ARMED ROBBERY — FELONY-FIREARM — DOUBLE JEOPARDY.

Convicting a defendant of armed robbery and of violating the felony-firearm statute does not violate the Double Jeopardy Clause of the United States Constitution or the Michigan Constitution (US Const, Ams V, XIV, Const 1963, art 1, § 15).

3. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS — COURT RULES.

A defendant does not have an absolute right to withdraw a plea of guilty after it has been accepted by the trial court; the court

REFERENCES FOR POINTS IN HEADNOTES
[1] 67 Am Jur 2d, Robbery § 78.
[2] 67 Am Jur 2d, Robbery § 48.
[3-6] 21 Am Jur 2d, Criminal Law §§ 501, 502.

may, however, set the plea aside on the defendant's motion (GCR 1963, 785.7[6]).

4. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS.

A motion to withdraw a guilty plea made after the plea has been accepted but before sentence is imposed is addressed to the discretion of the trial court, which should exercise great liberality in considering the defendant's motion.

5. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS.

A motion to withdraw a plea of guilty should be granted where a defense of innocence is asserted at the time of the request to withdraw the plea, the request is not obviously frivolous, and is made before the beginning of trial or imposition of sentence.

6. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS.

Doubts regarding substantiation of the reasons behind a defendant's request that he be allowed to withdraw a plea of guilty are to be resolved in the defendant's favor.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant Scott.

*Robert E. Slameka,* for defendant Baytops.

Before: M. F. CAVANAGH, P.J., and ALLEN and MacKENZIE, JJ.

PER CURIAM. At a joint plea-taking proceeding, defendants pled guilty to armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant Baytops was sentenced to 16 to 30 years in prison on the armed robbery charge. Defendant Scott received a 17- to 30-year term for that offense. Each was sentenced to serve the mandatory two-year term for his felony-firearm conviction. The defendants appealed

separately and their cases have been consolidated on this Court's own motion. As the issues raised by each defendant are different, their cases will be discussed separately.

### Anthony Renee Baytops

This defendant raises two issues on appeal, neither of which merits discussion. The plea-taking judge did not err when he did not inform the defendant of any mandatory minimum term for armed robbery. The weight of authority is that there is no mandatory minimum term for that offense. *People v Eberly,* 110 Mich App 349; 313 NW2d 123 (1981). Moreover, as there was a sentence recommendation by the prosecution that included a 20-year minimum term, defendant received a lesser sentence than he had bargained for.

The Supreme Court's decision in *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981), does not undermine this conclusion. There, the Supreme Court reversed and remanded an armed robbery conviction when the defendant had not been informed that he could not receive probation or that the maximum possible sentence was life imprisonment. The Supreme Court did not address the question of whether there is a mandatory minimum sentence for armed robbery but instead reversed on other grounds, none of which is claimed as error in this appeal.

We conclude that there was no error in omitting a reference to a mandatory minimum term.

Defendant Baytops also argues that his convictions for armed robbery and felony-firearm violate the Double Jeopardy Clause. This argument was rejected by the Supreme Court in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Defendant Baytops's convictions are affirmed.

Robert Wayne Scott

The sole issue raised by this defendant is whether the court erred in refusing to allow him to withdraw his plea at the beginning of the sentencing hearing. At that time, Scott said, "I'm withdrawing the plea because I'm not in it, I'm not guilty." He also indicated that he had "pleaded guilty to something that I didn't do". The sentencing judge, indicating that he believed defendant's recitation of the facts at the plea proceeding, refused to allow Scott to withdraw the plea.

GCR 1963, 785.7(6) allows a trial court to set aside a defendant's plea on the defendant's motion. The defendant does not have an absolute right, however, to withdraw his plea after it has been accepted by the court. *People v Rush,* 104 Mich App 668; 305 NW2d 288 (1981). A motion to withdraw made after the plea is accepted but before sentence is imposed is addressed to the discretion of the court, which should exercise great liberality in considering the defendant's motion. *People v Slager,* 105 Mich App 593, 600; 307 NW2d 376 (1981). The Supreme Court has said that when a defense of innocence is asserted at the time of a request to withdraw a plea, and the request is not obviously frivolous, and is made before the beginning of trial or imposition of sentence, the request should be granted. *People v Bencheck,* 360 Mich 430, 433; 104 NW2d 191 (1960).

In the case at bar, the judge had the benefit of hearing defendant Scott's recitation of the factual basis for the plea. Defendant Scott was the first of the defendants to explain the crime and his story was substantially corroborated by that of defendant Baytops. At sentencing, although Scott did assert his innocence, he offered no alternative explanation of the events, nor did he indicate in

what manner his earlier recitation was erroneous. While it is true that doubts regarding substantiation of the reasons for withdrawal are to be resolved in a defendant's favor, *Rush, supra,* defendant stated nothing that would raise a doubt. We believe that where the defendant failed to indicate how the earlier recitation was faulty, but merely stated at sentencing that he believed he was innocent, the sentencing judge did not abuse his discretion in finding that the asserted ground for withdrawal was frivolous. Denial of the motion to withdraw did not result in error.

Defendant Scott's convictions are affirmed.