**STATE of Minnesota, Respondent.**

v.

**John Henry BROWN, Appellant.**

**No. C3–86–1947.**

Court of Appeals of Minnesota.

May 19, 1987.

Review Denied July 15, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert F. Carolan, Dakota Co. Atty., Hastings, for respondent.

C. Paul Jones, Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant John Brown pleaded guilty to multiple counts of sexual conduct after confessing to abusing several children. He challenges the denial of a motion to withdraw his guilty pleas and his aggravated sentence of 375 months. We affirm but modify the sentence to a total of 345 months.

## FACTS

In the late fall of 1985 appellant moved in with his girlfriend and notified the police and social service officials that he was a pedophile. Appellant was told that one of his girlfriend's daughters, eight-year-old T.L.S., had previously been sexually abused, but appellant gave assurances he would not harm any of his girlfriend's children.

In February 1986, the police received a report that appellant had sexually touched T.L.S. Appellant admitted the allegations

and was arrested on March 3. On that day he gave a statement admitting instances of sexual abuse involving three other children. Appellant indicated that on two separate occasions while babysitting six year old W.D. he placed his hand down her pants and rubbed her vagina. Appellant admitted three separate incidents of sexual abuse involving 11–year-old T.T., each incident involving multiple forms of sexual contact and/or penetration. Appellant knew that T.T. had been sexually abused in the past and was a mentally "slow" child. Appellant also admitted engaging in sexual contact with 12–year-old P.E.

Appellant was charged in two separate complaints with a total of 10 felonies. Appellant appeared in court on April 7 and entered guilty pleas to the following:

Criminal sexual conduct in the first degree for acts involving T.T.

Criminal sexual conduct in the first degree for acts involving T.T.

Criminal sexual conduct in the first degree for acts involving T.T.

Criminal sexual conduct in the second degree for acts involving W.D.

Criminal sexual conduct in the second degree for acts involving P.E.

Appellant stated he was pleading guilty to spare putting the children through the stress and ordeal of a trial. In exchange the State agreed to dismiss three other counts of criminal sexual conduct involving T.T. and to have appellant evaluated at the St. Peter Regional Treatment Center.

A week later appellant pleaded guilty to one count of criminal sexual conduct in the second degree involving T.L.S. In return, the State agreed to dismiss a second charge involving T.L.S. Appellant was later evaluated at St. Peter, and it was recommended that appellant not be admitted and that the court consider an upward departure because of the gravity and seriousness of the offense.

While awaiting sentencing, appellant acknowledged to a police officer that he had penetrated the anus of a nine month old child and related details of several other instances of sexual abuse against other children.

The trial court advised the parties prior to sentencing that it was considering an upward departure. Defense counsel moved to withdraw appellant's guilty pleas on the ground that appellant had been promised leniency by police and believed there were no grounds for upward departure. The trial court denied the motion.

Following a sentencing hearing, the trial court sentenced appellant as follows:

Criminal sexual conduct in the first degree against T.T.—240 months, (108 month departure from presumptive 132 sentence).

Criminal sexual conduct in the first degree against T.T.—240 months, concurrent (108 month departure from presumptive 132 sentence).

Criminal sexual conduct in the first degree against T.T.—240 months, concurrent (108 month departure from presumptive 132 sentence).

Criminal sexual conduct in the second degree against P.E.—21 months, consecutive.

Criminal sexual conduct in the second degree against W.D.—42 months, consecutive (double departure from presumptive 21–month sentence).

Criminal sexual conduct in the second degree against T.L.S.—72 months, consecutive (double departure from presumptive 36–month sentence).

In support of the upward departures, the trial court cited age of the victims, vulnerability due to mental deficiency, susceptibility because of previous sexual abuse by other persons, multiple penetrations, multiple victims and appellant's position of authority and trust.

### ISSUES

1. Did the trial court abuse its discretion in denying appellant's motion to withdraw his guilty pleas?

2. Did the trial court err in calculating appellant's presumptive sentences?

3. Did substantial and compelling circumstances justify the upward departures in this case?

## ANALYSIS

### I.

■ Minn.R.Crim.P. 15.05, subd. 2 provides:

In its discretion the court may also allow the defendant to withdraw his plea at any time before sentence if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

*Id.* Appellant claimed at the time he moved to withdraw his pleas that he was promised leniency if he talked and that he did not think he would receive an aggravated sentence. Appellant presented no evidence other than his bare allegation that he was promised leniency. In fact, his own testimony at the time he pleaded guilty indicates he pleaded to spare the children the undue stress of a trial. There is no record that appellant was offered leniency or that this was part of the plea agreement.

■ There is also no merit to appellant's claim that he believed he would receive the presumptive sentence. Appellant was informed of the maximum statutory penalties when he pleaded guilty. Nothing in the record suggests he would receive a presumptive sentence. Appellant may well have believed or hoped he was not going to receive an aggravated sentence. However, an unqualified plea will not be set aside merely because the defendant did not receive an unwarranted hope. *Schwerm v. State,* 288 Minn. 488, 491, 181 N.W.2d 867, 868 (1970); *State v. Andren,* 358 N.W.2d 428, 431 (Minn.Ct.App.1984). We conclude the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas.

### II.

Appellant contends the trial court erred in calculating the presumptive sentences with regard to several of his offenses.

1. Appellant was given three 240 month concurrent sentences for his conduct involving T.T. His presumptive sentence was determined to be 132 months, based on a severity level VIII offense and a criminal history score of 6 or more.

Appellant asserts that the correct criminal history score was 3 because three prior convictions had decayed under new guidelines. These modifications, effective August 1, 1986, provide:

Prior felony sentences or stays of imposition following felony convictions will not be used in computing the criminal history score if a period of fifteen years has elapsed since the date of discharge from or expiration of the sentence, to the date of the current offense.

Minnesota Sentencing Guidelines II.B.1.d. Since appellant was not adjudicated guilty and sentenced until August 25, 1986, these modifications apply to his case. Appellant's prior felony record was as follows:

| Offense | Date of Conviction | Date of Discharge |
|---|---|---|
| Forgery | September, 1965 | June 11, 1966 |
| Escape | September, 1965 | June 11, 1966 |
| UUMV | September, 1966 | March 28, 1968 |
| Burglary | November, 1968 | August 18, 1971 |
| Burglary/Larceny | November, 1972 | September 24, 1973 |
| Theft | November, 1975 | December 24, 1980 |

■ Appellant's forgery, escape and UUMV convictions had decayed and should not have been counted in his history score. Thus, appellant's criminal history score prior to sentencing was 3.

Under *State v. Hernandez,* 311 N.W.2d 478 (Minn.1981), appellant's criminal history score could be increased as each sentence was imposed. Thus, the presumptive sentences for appellant's three convictions for criminal sexual conduct in the first degree involving T.T. were as follows:

76 months (with a range of 72 to 81 months) based on a criminal history score of 3;

95 months (with a range of 89 to 101 months) based on a criminal history score of 4;

113 months (with a range of 106 to 120 months) based on a criminal history score of 5.

Appellant acknowledges the trial court's 240–month sentence is within double the upper range of the presumptive sentence for appellant's third criminal sexual con-

duct in the first degree conviction when properly calculated. *See State v. Irwin,* 379 N.W.2d 110, 115 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Jan. 23, 1986) (*Hernandez* may be used in conjunction with durational departure). Whether the trial court's 240–month sentence should be upheld will be discussed later in this opinion.

■ 2. Appellant received a consecutive 72–month sentence for his actions involving T.L.S. This was double the presumptive 36–month sentence as found by the trial court. The record is not entirely clear how the trial court arrived at the 36–month figure. Appellant and the State speculate that the sentence derived from the mandatory minimum sentence for a second and subsequent sex offender, 36 months. Minn. Stat. § 609.346 (1986). However, as the parties state, this section does not apply to offenses sentenced at the same day. *State v. Friend,* 385 N.W.2d 313, 322–23 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. May 22, 1986). The State concedes that the presumptive sentence should be modified to 21 months rather than 36 (based on a severity level VI offense and a criminal history score of 0 which is used because of consecutive sentencing). Minnesota Sentencing Guidelines II.F. Whether a double departure to 42 months is justified will be discussed in the next section.

### III.

Appellant was originally sentenced to three concurrent 240–month sentences for his conduct involving T.T. As previously discussed, the presumptive sentences were erroneously determined. The third count, however, as appellant concedes, is a presumptive 113–month sentence with a maximum of 120. From a practical sense, appellant would serve the same amount of time in prison if the third count's 240–month sentence was upheld as a valid double departure. Therefore, we will not discuss the validity of departures with respect to the first two counts of the convictions involving T.T.

Appellant does not seek a remand to the trial court, and we agree that this is unnecessary in this case. *See State v. Elkins,* 346 N.W.2d 116, 120 (Minn.1984). The trial court clearly intended to depart and believed it was departing upward 108 months. Correcting the presumptive sentence to reflect the proper history score, the issue is whether the court's departure, which now becomes 120 months, was justified by substantial and compelling circumstances. The trial court found T.T. was particularly vulnerable because she was eight years old and had an I.Q. of about 50. Further, she had been previously sexually abused. Appellant was aware of these qualities which made her particularly vulnerable. Appellant also performed multiple forms of penetration on T.T.

■ The trial court properly considered the age of T.T. in connection with the other facts. *State v. Cermak,* 344 N.W.2d 833, 839 (Minn.1984). The other facts here include multiple forms of penetration, *State v. Dudrey,* 330 N.W.2d 719, 722 (Minn. 1983), vulnerability due to mental deficiencies, *State v. Larson,* 379 N.W.2d 165 (Minn.Ct.App.1985), and appellant's taking advantage of his position of authority and trust—he was supposed to be babysitting T.T., a niece of his girlfriend. *Cermak,* 344 N.W.2d at 839.

■ The trial court also doubled the presumptive 21–month sentence with regard to W.D. Again, based on the age of the victim in conjunction with appellant's position of trust, we affirm the departure.

■ The trial court doubled the 36–month sentence involving T.L.S. As previously discussed, the correct presumptive sentence was 21 months. We affirm a double departure because of appellant's position of trust and authority (T.L.S. is his girlfriend's daughter and lived with appellant), her age and the fact that appellant engaged in several forms of sexual contact with her.

■ Finally, we note that appellant argues there were mitigating circumstances. He makes the extraordinary claim that because he was a diagnosed pedophile he was

susceptible to committing sexual offenses if placed in an opportune situation and so advised the authorities when he moved in with his girlfriend. He also claims he cooperated freely and that the resulting prison term unduly exaggerates his culpability. Appellant's behavior in moving into a situation where he could victimize children strikes this court more as an aggravating factor than a mitigating one. His actions are inexcusable, and his sentence is not unduly harsh.

## DECISION

Appellant's guilty pleas are affirmed. His sentences are affirmed but modified in accordance with this opinion as follows:

Criminal sexual conduct in the first degree involving T.T. (Count II of D.C. File C–6200)—76 months.

Criminal sexual conduct in the first degree involving T.T. (Count IV of D.C. File C–6200)—95 months, concurrent.

Criminal sexual conduct in the first degree involving T.T. (Count IV of D.C. File C–6200)—240 months, concurrent.

Criminal sexual conduct in the second degree involving P.E. (Count VIII of D.C. File C–6200)—21 months, consecutive.

Criminal sexual conduct in the second degree involving W.D. (Count I of D.C. File C–6200)—42 months, consecutive.

Criminal sexual conduct in the second degree involving T.L.S. (Count I of D.C. File C–6144)—42 months, consecutive.

The aggregate total sentence is 345 months.

Affirmed as modified.