PEOPLE v LEWIS

Docket No. 107741. Submitted December 21, 1988, at Detroit. Decided February 9, 1989.

Harry R. Lewis was charged in the Recorder's Court for the City of Detroit with first-degree premeditated murder, felony murder, armed robbery, arson of a dwelling and mayhem. Defendant pled guilty to second-degree murder pursuant to a plea bargain. Defendant thereafter stated to a probation investigator in an in-jail interview that he did not do the killing and would only admit to taking items from the victim's house and participating in setting the fire after the victim was killed by others who accompanied him. This statement appears in the presentence report prepared for defendant's sentencing. Defendant then sent a letter to the trial judge stating his dissatisfaction with his attorney and asking to withdraw his guilty plea alleging that his attorney coerced him to enter his plea. He did not, however, assert his innocence in his written request. Prior to sentencing, the trial court, Dalton A. Roberson, J., denied the motion to withdraw the plea based, in part, on defendant's failure to assert his innocence in making the motion. Defendant was sentenced to ten to fifteen years imprisonment. Defendant appealed alleging error in the denial of his motion to withdraw his plea.

The Court of Appeals *held:*

1. Defendant did assert his innocence prior to sentencing as indicated in his statement in the presentence report.

2. The facts indicate that defendant's request to withdraw his plea was not obviously frivolous.

3. The trial court abused its discretion in denying defendant's motion to withdraw his plea. Defendant is entitled to a trial.

Reversed and remanded.

1. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS.

A trial court may set aside a defendant's guilty plea, after the

REFERENCES

Am Jur 2d, Criminal Law §§ 500-505.

Power or duty of state court, which has accepted guilty plea, to set aside such plea on its own initiative prior to sentencing or entry of judgment. 31 ALR4th 504.

plea is accepted, on the defendant's motion; the denial of such a motion is reviewed by the Court of Appeals for an abuse of discretion (MCR 6.101[F][6]).

2. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS.

A request to withdraw a guilty plea prior to sentencing where the defendant asserts his innocence is to be treated with great liberality and should be granted unless it is obviously frivolous; doubts concerning substantiation of the defendant's reasons for withdrawal are to be resolved in his favor.

3. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS.

A trial court does not abuse its discretion in finding that the defendant's asserted ground for withdrawal of his guilty plea is frivolous where the defendant merely states a belief in his innocence at sentencing but fails to indicate how his earlier factual recital supporting his guilty plea was faulty.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Ernest O. Hornung,* for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for defendant on appeal.

Before: MACKENZIE, P.J., and CYNAR and M. E. KOBZA,* JJ.

PER CURIAM. Defendant appeals as of right the Recorder's Court's denial of his motion to withdraw a guilty plea. We reverse.

Originally charged with first-degree premeditated murder, MCL 750.316; MSA 28.548, felony murder, MCL 750.316; MSA 28.548, armed robbery, MCL 750.529; MSA 28.797, arson of a dwelling, MCL 750.72; MSA 28.267, and mayhem, MCL 750.397; MSA 28.629, defendant pled guilty in a joint plea-taking proceeding with codefendant Gregory Howard to second-degree murder, MCL 750.317; MSA 28.549, in the January 24, 1987,

* Circuit judge, sitting on the Court of Appeals by assignment.

death of Roosevelt Williams in Highland Park.[1]
Defendant's plea bargain included a sentence
agreement and, pursuant to this agreement, defen-
dant was sentenced to ten to fifteen years impris-
onment. In providing the factual basis for his plea,
defendant said that he beat the victim until he
was unconscious, hit the victim on the head with a
dish, and struck him in the chest with a pick axe.[2]

Prior to imposition of the sentence on December
22, 1987, defendant sent a motion in the form of a
letter to the trial court requesting that he be
allowed to withdraw his guilty plea. No evidence
of this letter appears in the lower court file.[3]
However, on the date set for sentencing, defense
counsel brought the letter to the trial judge's
attention and the judge read it and ruled that he
was not going to allow defendant to withdraw his
plea on the basis of the letter, stating, "[t]here is
nothing in here [the letter] that says the magic
words." The trial judge then asked defendant what
had changed since defendant's indication at the
plea-taking proceeding that he was satisfied with
his attorney. Defendant responded, "I verbally told
my lawyer that I was not gonna take this cop,
several times."

Defendant asked the trial court to reconsider the
motion, and the judge said:

No, no. Everything that you said, on that partic-
ular date, everything that you are saying in there,
I asked you about, at the time that you took the
plea. And, you answered the questions satisfacto-

---

[1] Although the record is not clear, the plea bargain apparently
included dismissal of the other enumerated charges.

[2] At the plea, the prosecutor indicated that the victim died from a
substantial number of wounds rather than as a result of the fire
defendant admitted he helped start after assaulting the victim.

[3] Defendant's brief on appeal indicates that appellate counsel was
unable to obtain a copy of defendant's "in pro per motion."

rily or otherwise I wouldn't have taken the plea. No. No.

After imposing sentence in accordance with the sentencing agreement, the trial court said:

> I have read your thing, here. And, although you cite numerous crudely—but, as the [c]ourts have always indicated, you cite crudely—you have a right to do this, on your own behalf. But, nowhere in this thing do you say you are innocent. The only thing is because you are not satisfied with your attorney, and because he coerced you, and he did this, and he did that. No. No. So, take it up with the Court of Appeals.

From the trial court's comments, we deduce that the thrust of defendant's letter or "in pro per motion," as appellate counsel describes it, was defendant's claim that defense counsel had in some fashion not performed in accordance with defendant's rights, desires or expectations. On appeal, defendant asserts his innocence and claims trial defense counsel coerced him to enter his plea.

MCR 6.101(F)(6) allows a trial court to set aside a defendant's guilty plea, after the plea is accepted, on defendant's motion. We review a trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *People v Bencheck,* 360 Mich 430, 432; 104 NW2d 191 (1960); *People v Alcorta,* 147 Mich App 326, 330; 383 NW2d 182 (1985), lv den 425 Mich 876 (1986).

Where a defendant asserts his innocence and requests to withdraw his guilty plea prior to sentencing, such a request is to be treated with great liberality and should be granted unless the request is obviously frivolous. *Bencheck, supra,* 360 Mich 433; *People v Camargo,* 163 Mich App 581, 584; 415 NW2d 211 (1987). Doubts concerning substan-

tiation of defendant's reasons for withdrawal are to be resolved in defendant's favor. *Camargo, supra.*

Here, defendant contends that he asserted his innocence when, in an in-jail interview by a probation investigator on December 15, 1987, defendant stated that the two men who accompanied him to the victim's residence killed the victim and that he would only admit to taking items from the victim's house and participating in setting the fire. This statement appears in the presentence report prepared for defendant's sentencing. Although he apparently did not assert his innocence in his written request to withdraw his guilty plea, the trial court presumably read the presentence report. We therefore find that defendant asserted his innocence prior to sentencing.

We must therefore determine whether defendant's motion to withdraw was obviously frivolous. *Camargo, supra.*

In *People v Scott,* 115 Mich App 273, 276-277; 320 NW2d 242 (1982), this Court held that where the defendant merely states a belief in his innocence at sentencing, but fails to indicate how his earlier factual recital supporting his guilty plea was faulty, the trial court does not abuse its discretion in finding that the asserted ground for withdrawal is frivolous. In the instant case, however, defendant contended that his factual recital was faulty in that his counsel coerced him to make the recital. Nor, in light of his sentence agreement, can it be said that defendant's true motive in requesting withdrawal was frivolously based on a concern regarding sentencing. See *Camargo, supra,* 163 Mich App 584-585; *People v Paulus,* 121 Mich App 445, 450; 328 NW2d 659 (1982), remanded 417 Mich 1100.15 (1983).

We cannot conclude that defendant's request to

withdraw his plea was obviously frivolous. Given the liberality which such requests are to receive, defendant's assertion of innocence prior to sentencing, his claim of coercion which the trial court refused to hear, the rule that doubts concerning substantiation are to be resolved in defendant's favor, and in view of the fact that the trial court's reasons for denying defendant's request were that the voluntariness of the plea had been established at the plea-taking and its erroneous belief that defendant had not asserted his innocence,[4] we find that the trial court abused its discretion in denying defendant's motion to withdraw his guilty plea. Defendant is entitled to a trial.

Defendant's conviction is reversed and this matter remanded for proceedings consistent with this opinion.

---

[4] It appears that another of the trial court's reasons may have been its belief that defendant's plea bargain was contingent upon codefendant Howard's entry of a guilty plea. This contingency does not appear on the plea record. We note that the trial court later denied codefendant Howard's motion to withdraw his guilty plea on February 26, 1988.