PEOPLE v HOLMES

Docket No. 111068. Submitted September 13, 1989, at Grand Rapids. Decided December 18, 1989.

Anthony J. Holmes was charged with armed robbery, assault with intent to commit criminal sexual conduct, kidnapping and possession of a firearm during the commission of a felony. Pursuant to a plea bargain, defendant offered in Berrien Circuit Court, Casper O. Grathwohl, J., a plea of nolo contendere to armed robbery and kidnapping only. The plea of nolo contendere was accepted by the court on the basis of defendant's claimed loss of memory and after a factual basis for the plea had been established on the record. On the date scheduled for sentencing, and after defendant had conferred with his counsel concerning the presentence report and its sentence recommendation, defendant moved to withdraw his plea of nolo contendere. While continuing to maintain that he had no recollection of the crime, defendant did state his belief that he was not guilty of the actions charged. Following a hearing on defendant's motion, the trial court denied the motion as frivolous, holding that the defendant's motive in making the motion was the sentence recommendations contained in the presentence report. The court thereafter sentenced defendant to prison terms of six to thirty years and eighteen to sixty years on the armed robbery and kidnapping charges respectively. Defendant appealed.

The Court of Appeals *held:*

While great liberality should be exercised in deciding a motion to withdraw a plea of nolo contendere, a trial court need not grant such a motion where, as here, the motion is prompted by sentencing considerations and the defendant offers nothing more than a conclusory belief that he did not commit the crime. The trial court did not abuse its discretion in refusing to grant the motion to withdraw the plea.

Affirmed.

References

Am Jur 2d, Criminal Law § 506.

See the Index to Annotations under Guilty Plea; Nolo Contendere; Sentence and Punishment.

MURPHY, J., dissented. He would hold that the trial court abused its discretion in refusing to grant the motion to withdraw the plea. He would reverse.

CRIMINAL LAW — GUILTY PLEAS — NOLO CONTENDERE PLEAS — MOTION TO WITHDRAW PLEA — FRIVOLOUS MOTIONS.

It is not an abuse of discretion for a trial court to deny as frivolous a motion to withdraw a plea of nolo contendere where it appears that the defendant's true motive in making the motion to withdraw was merely a concern with the sentence recommended in the presentence report and the defendant's motion to withdraw contained only a conclusory assertion of innocence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *James M. Miller,* Assistant Prosecuting Attorney, for the people.

*Patrick W. Priest,* for defendant on appeal.

Before: McDONALD, P.J., and MURPHY and GRIFFIN, JJ.

GRIFFIN, J. Defendant pled nolo contendere to one count of armed robbery, MCL 750.529; MSA 28.797, and one count of kidnapping, MCL 750.349; MSA 28.581. He was sentenced to six to thirty years in prison on the armed robbery conviction and eighteen to sixty years for the kidnapping. He now appeals as of right, challenging the trial court's denial of his motion to withdraw his plea prior to sentencing. We affirm.

I

On May 29, 1987, defendant was arraigned in Fifth District Court in Berrien County on four counts: (1) armed robbery; (2) assault with intent to commit criminal sexual conduct; (3) kidnapping; and (4) felony-firearm. At the conclusion of a pre-

liminary examination, the defendant was bound over to circuit court on all four charges.

On February 29, 1988, pursuant to a plea-bargain arrangement, the defendant offered a plea of nolo contendere to an amended information which charged armed robbery and kidnapping only. The plea of nolo contendere was accepted by the court on the basis of the defendant's claimed loss of memory of the events and after a factual basis for the plea had been established.[1]

On the date scheduled for sentencing, the defendant conferred with his counsel concerning the presentence investigation report and its sentence recommendations. After reviewing the report, defendant made a request to withdraw his nolo contendere plea. The Berrien Circuit Court adjourned the sentencing and scheduled a hearing on defendant's motion. Defendant's oral and written motions did not recite a factual basis for a claim of innocence but rather continued the defendant's assertion of a total lack of memory of the events. In addition, the written motion contained a conclusory assertion of innocence:

> 5. That your petitioner does not have any memory or recollection of the evening of May 16, 1987, the alleged date of the offense and does not believe that he [is] guilty of the actions for which he is charged.

At a hearing held May 25, 1988, the defendant

---

[1] The plea in the instant case was taken in conformity with former MCR 6.101(F)(3)(b), now MCR 6.302(D)(2), which states:

If the defendant pleads nolo contendere, the court shall not question him or her about his or her participation in the crime. The court shall:

(i) state why a plea of nolo contendere is appropriate; and

(ii) conduct a hearing, unless there has been one, that establishes support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading.

testified, but added nothing further to his written motion. Defendant continued to claim a total memory loss; he presented neither an alibi nor any evidence to rebut the factual basis upon which his previous plea was accepted. At the conclusion of the hearing, Berrien Circuit Judge Casper O. Grathwohl denied defendant's motion as frivolous after finding that the attempted withdrawal was motivated by a sentencing concern.[2]

II

In effect for the instant case is former MCR 6.101(F)(6)(b) which provided:

After the court accepts the plea:

---

[2] After finding that defendant's plea was knowingly and voluntarily made, Judge Grathwohl ruled as follows:

As Mr. Renfro has stated, now that the Defendant has motioned this Court to withdraw his no contest plea, that such a motion is to be treated with great liberality.

However, it is also well founded there is no absolute right to withdraw a plea once accepted.

\* \* \*

In this case the Defendant throughout the proceedings since the preliminary examination stated that he has no factual recollection of the events of May 16th, 1987.

He stated this this afternoon. He stated it on February 29th, 1988, through his lawyer, that there was no independent or factual recollection of the events to which Mrs. Cole testified that occurred on May 16th, 1987, but the Defendant that date, the day before the trial, on February 29th, asked this Court, based on the fact he had no recollection of these facts, to accept a no contest plea.

This Court believes that the facts in this case before the Court are factually distinguished from those of the *Camargo* [*People v Camargo*, 163 Mich App 581; 415 NW2d 211 (1987)] case.

The Court further believes and is satisfied that Defendant's motivation in this case is regarding his sentence and especially the sentence recommendation.

The Court believes that the Defendant's motion is frivolous and, there being no right to withdrew a plea once accepted, the Court in its discretion denies the Defendant's motion to withdraw his no contest plea.

(i) the court *may* set it aside on the defendant's motion; or

(ii) the court may set it aside on its own initiative, but only with the defendant's consent. [Emphasis added.]

This former court rule recognized the trial court's discretion to grant or deny a motion to withdraw a plea prior to sentencing. The rule, however, failed to specify a standard for the exercise of such discretion. Accordingly, we look to the decisions of the Supreme Court and our Court to define the standards for the exercise of the trial court's discretion.

As noted by Judge Grathwohl, our Court has repeatedly held that requests to withdraw pleas are to be regarded as frivolous where the circumstances indicate that the defendant's true motive in making the motion is a concern regarding sentencing. *People v Morgan,* 63 Mich App 686; 235 NW2d 154 (1975), lv den 397 Mich 833 (1976), *People v Scott,* 115 Mich App 273; 320 NW2d 242 (1982), and *People v Paulus,* 121 Mich App 445; 328 NW2d 659 (1982), lv den 417 Mich 1025 (1983), reconsideration gtd and remanded on other grounds 417 Mich 1100.15 (1983). In addition, numerous decisions contain dicta in support of these authorities. See, e.g., *People v Camargo,* 163 Mich App 581, 584-585; 415 NW2d 211 (1987), and *People v Lewis,* 176 Mich App 690, 694; 440 NW2d 12 (1989).

In *Morgan,* the defendant knowingly and voluntarily pled guilty to a reduced charge of second-degree murder. After reviewing the presentence report prior to sentencing, defendant wrote a letter to the trial judge stating that he was innocent and informing the judge that he wanted to withdraw his guilty plea. Following the denial of the

motion, defendant appealed. In affirming, our
Court determined that defendant's plea was know-
ingly and voluntarily made and concluded that "it
appears to us that this defendant is merely sen-
tence-and-judge shopping." *Morgan, supra,* p 689.

Judge DONALD E. HOLBROOK, JR., dissented on
the basis that the lower court erred in failing to
properly apply the "great liberality" standard of
*People v Bencheck,* 360 Mich 430; 104 NW2d 191
(1960).

In *Scott,* at the beginning of the sentencing
hearing, defendant sought to withdraw his previ-
ously entered plea of guilty to armed robbery and
felony-firearm. Although the defendant asserted in
connection with his attempted withdrawal that
"I'm not guilty," the circuit court refused to grant
the motion to withdraw. This Court in an unani-
mous opinion affirmed the lower court on the
ground that, although Scott asserted his inno-
cence, he failed to offer an alternative factual basis
in support of his motion:

> In the case at bar, the judge had the benefit of
> hearing defendant Scott's recitation of the factual
> basis for the plea. Defendant Scott was the first of
> the defendants to explain the crime and his story
> was substantially corroborated by that of defen-
> dant Baytops. *At sentencing, although Scott did
> assert his innocence, he offered no alternative
> explanation of the events,* nor did he indicate in
> what manner his earlier recitation was erroneous.
> While it is true that doubts regarding substantia-
> tion of the reasons for withdrawal are to be re-
> solved in a defendant's favor, . . . defendant stated
> nothing that would raise a doubt. We believe that
> where the defendant failed to indicate how the
> earlier recitation was faulty, but merely stated at
> sentencing that he believed he was innocent, the
> sentencing judge did not abuse his discretion in
> finding that the asserted ground for withdrawal

was frivolous. Denial of the motion to withdraw did not result in error. [*Scott, supra,* pp 276-277. Emphasis added.]

Finally, in *Paulus* defendant attempted to withdraw a plea of nolo contendere[3] to uttering and publishing prior to sentencing. On appeal, we affirmed the lower court's denial of the motion, holding that defendant's motion was frivolous since the true motive for the motion was a sentencing concern:

We reject defendant's argument that the trial court should have granted his motion to withdraw his plea of nolo contendere.

. . . *Requests to withdraw pleas are, however, regarded as frivolous where the circumstances indicate that the defendant's true motive in making the motion is merely a concern regarding the sentence. People v Morgan,* 63 Mich App 686; 235 NW2d 154 (1975), lv den 397 Mich 833 (1976).

. . . Defendant's motion to withdraw his plea was apparently an effort to head off a probable prison sentence. Dissatisfaction with the sentence, however, is not a basis upon which a plea should be set aside. *People v McClain,* 402 Mich 824; 260 NW2d 287 (1977), rev'g 81 Mich App 84; 264 NW2d 1 (1977). [*Paulus, supra,* pp 449-450. Emphasis added.]

### III

In the instant case, the defendant's motion to withdraw the plea occurred after he had conferred

[3] The present case, like *Paulus,* involves a plea of nolo contendere. Appellant does not argue that the standard for withdrawal of nolo contendere pleas and guilty pleas should differ. We note that in other contexts, guilty pleas and pleas of nolo contendere are treated as equivalents. See *People v New,* 427 Mich 482, 493; 398 NW2d 358 (1986).

with his counsel concerning the presentence report. Although defendant's motion contains a conclusory assertion of innocence, like in *Scott,* defendant has not offered an alternative explanation of the events which formed the factual support for his earlier plea. The previously established factual basis for the plea remains unrebutted.

The finding by the lower court that the true motive for defendant's motion was a sentencing concern is supported by the evidence and not clearly erroneous. Accordingly, we conclude that the lower court did not abuse its discretion by denying defendant's motion as frivolous.

IV

Defendant's reliance on *People v Bencheck* is misplaced. Unlike in the instant case, defendant Bencheck offered with his motion to withdraw a rebuttal of the factual basis upon which his earlier plea was based. Bencheck's "new story," however, was not believed by the circuit judge, who was convinced of Bencheck's guilt despite the factual protestation of innocence. Although one could infer that the impetus for the new factual scenario was the severity of the sentence imposed upon Bencheck's brother, the Supreme Court did not address the issue. Rather, the Supreme Court held that the lower court erred in denying the motion and should not have evaluated the credibility of Bencheck's new story when the factual defense of innocence was asserted prior to sentencing.

The *Bencheck* Court recognized the *discretion* of the trial judge to grant or deny a motion to withdraw a plea when such a motion is made prior to sentencing. It also reiterated that "there is no absolute right to withdrawal of a guilty plea." *Bencheck, supra,* p 432. Accordingly, even under

*Bencheck's* "great liberality" standard there are limits on the defendant's right to withdraw a plea prior to sentencing.

Since *Bencheck,* additional factual situations have been addressed by our Court which further define the parameters of the trial court's discretion. These decisions have uniformly held that a motion to withdraw a plea prior to sentencing is frivolous if the true motivation for the motion is a sentencing concern. See *Morgan, Scott,* and *Paulus, supra.* We agree with these authorities and likewise hold that a lower court does not abuse its discretion in denying a defendant's motion to withdraw his plea prior to sentencing when the true motivating factor for the motion is a sentencing concern.

v

The dissent attempts to dismiss *Paulus, Scott,* and *Morgan* as dicta. As indicated by our analysis of these decisions, we disagree. In addition, we note the similarity of Judge MURPHY's dissent to Judge HOLBROOK's dissent in *Morgan,* where the same arguments were raised and rejected by the majority.

Judge MURPHY argues that we should continue to perpetuate the standard of "great liberality" and that its application to the instant case mandates reversal. We disagree as to both propositions.

Application of the "great liberality" standard in the instant case does not lead to the conclusion that the lower court abused its discretion by denying defendant's motion. *Bencheck* and its progeny recognize that the right to withdraw a plea prior to sentencing is not absolute. The right to withdraw would certainly become absolute if a simple change of heart were deemed sufficient. Where, as

here, the defendant fails to rebut the factual basis for a previously accepted plea, the court in the exercise of its discretion may deny the motion.

Additionally, while we apply the "great liberality" standard for purposes of this case, we note that the signal for which the dissent is waiting has already occurred. The Supreme Court in promulgating MCR 6.310(B) of the Rules of Criminal Procedure (effective October 1, 1989), discarded the "great liberality" standard in favor of a more restrictive standard which considers the interests of justice and potential prejudice to the prosecution. MCR 6.310(B) states:

> Withdrawal Before Sentence. On the defendant's motion or with the defendant's consent, the court *in the interest of justice may permit an accepted plea to be withdrawn* before sentence is imposed *unless* withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea. If the defendant's motion is based on an error in the plea proceeding, the court must permit the defendant to withdraw the plea if it would be required by MCR 6.311(B). [Emphasis added.]

The staff comment following the rule is instructive:

> Subrule (B) sets forth the procedure for withdrawing a plea after it has been accepted but before the sentence has been imposed. The former rule, 6.101(F)(6)(b), did not place any limits on the court's discretion to set aside an accepted plea ("the court may set it aside"). *Case law indicated that the trial judge's discretion "should be exercised with great liberality" when the defendant's request was made before sentencing. People v Zaleski,* 375 Mich 71, 79 [133 NW2d 175] (1965). *Subrule (B) states a new standard.* It permits the court to allow a plea to be withdrawn before

sentencing if it is "in the interest of justice" *and* if withdrawal of the plea would not "substantially prejudice the prosecutor because of reliance on the plea." The new standard has similarities to Federal Rule of Criminal Procedure 32(d) ("upon a showing by the defendant of any fair and just reason") and ABA Standard, 14-2.1(a) ("for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea"). [Emphasis added.]

Because the recently adopted court rule was not in effect for the instant case, we have continued to apply the standard of "great liberality" under former MCR 6.101(F)(6)(b). We, however, see no reason to expand the scope of the abandoned rule. The absolute liberalization of the standard of withdrawal advocated by the dissent is contrary to our prior precedents and at odds with the policy direction established by the Supreme Court.

## VI

Our holding is consistent with federal decisions which have also held that a defendant's change of heart after review of the presentence report is not a "fair and just reason"[4] to justify withdrawal of a plea prior to sentence. As stated by the Second Circuit in *United States v Sweeney,* 878 F2d 68, 70-71 (CA 2, 1989), the strong policy interests of finality of pleas and effective administration of justice would be undermined if withdrawal were allowed simply because of sentencing concerns:

A district judge has broad discretion under Rule 32(d) in deciding whether to allow withdrawal of a plea, see *United States v Lombardozzi,* 436 F2d 878, 881 (CA 2, 1971), cert denied 402 US 908; 91 S

---

[4] FR Crim P 32(d).

Ct 1379; 28 L Ed 2d 648 (1971). Prior to the Guidelines, we said that *a defendant's "change of mind . . . after he ha[s] seen the Pre-Sentence Report is simply not sufficient reason to require the district judge to grant the motion"* to withdraw the plea. *United States v Michaelson,* 552 F2d 472, 476 (CA 2, 1977). . . .

. . . We do not see why the presence of the Guidelines should change the law in this respect. . . . [A]llowing defendants to use the presentence prong of Rule 32(d) to withdraw their pleas would pervert the rule and threaten the integrity of the sentencing process. *Defendants may not plead guilty in order to test whether they will get an acceptably lenient sentence.* Society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas "undermines confidence in the integrity of our [judicial] procedures . . . , increas[es] the volume of judicial work, [and] delays and impairs the orderly administration of justice." *United States v Timmreck,* 441 US 780, 784; 99 S Ct 2085, 2087; 60 L Ed 2d 634 (1979), quoting *United States v Smith,* 440 F2d 521, 528 (CA 7, 1971) (Stevens, J., dissenting). The introduction of the Sentencing Guidelines has not altered society's interest in finality, and we do not think that the standard for withdrawing guilty pleas for mistaken estimates should change because those estimates are now made under the Guidelines. [Emphasis added.]

VII

Our sister states have also ruled in accord. For example, the Iowa Supreme Court in *State v Ramirez,* 400 NW2d 586, 589 (Iowa, 1987), held that a defendant's disappointed expectations concerning recommendations contained in a presentence report are insufficient to permit withdrawal of a guilty plea prior to sentencing:

Because the presentence investigator recommended incarceration, the defendant understandably realized that his chances for probation were not good. It was at this point that he requested the court to reject the plea agreement and allow him to withdraw his plea of guilty. We conclude the request was based solely on the defendant's disappointed expectation that he would receive probation, a conclusion supported by the foregoing colloquy and by the timing of the request. However, our cases make it clear that a disappointed expectation of leniency is not enough to require withdrawal of a guilty plea. See *State v Vantrump,* 170 NW2d 453, 454 (Iowa 1969); *State v Whitehead,* 163 NW2d 899, 902 (Iowa 1969). Moreover, *"a defendant cannot be permitted to enter a guilty plea, gamble on the sentence, and then move to withdraw the plea if he is disappointed with the severity of the imposed sentence." State v Lindsey,* 171 NW2d 859, 865 (Iowa 1969). [Emphasis added.]

In *State v Brown,* 406 NW2d 530, 532-533 (Minn App, 1987), the Minnesota Court of Appeals ruled that concerns over sentencing issues do not constitute a "fair and just reason" to permit a withdrawal of a plea prior to sentencing:

The trial court advised the parties prior to sentencing that it was considering an upward departure. Defense counsel moved to withdraw appellant's guilty pleas on the ground that appellant had been promised leniency by [the] police and believed there were no grounds for upward departure. The trial court denied the motion.

\* \* \*

Minn R Crim P 15.05, subd 2 provides:
"In its discretion the court may also allow the defendant to withdraw his plea at any time before sentence if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his motion and any prejudice the granting of the motion would cause the prose-

cution by reason of actions taken in reliance upon the defendant's plea."

\* \* \*

There is also no merit to appellant's claim that he believed he would receive the presumptive sentence. Appellant was informed of the maximum statutory penalties when he pleaded guilty. Nothing in the record suggests he would receive a presumptive sentence. Appellant may well have believed or hoped he was not going to receive an aggravated sentence. However, *an unqualified plea will not be set aside merely because the defendant did not receive an unwarranted hope. Schwerm v State,* 288 Minn 488, 491; 181 NW2d 876, 868 (1970); *State v Andren,* 358 NW2d 428, 431 (Minn Ct App 1984). We conclude the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas. [Emphasis added.]

Also see *State v Clark,* 108 NM 288; 772 P2d 322 (1989); *State v Atley,* 470 So 2d 621 (La App, 1985); *People v Walston,* 38 Ill 2d 39; 230 NE2d 233 (1967).[5]

### VIII

In summary, we find no abuse of discretion by the lower court in denying defendant's motion to withdraw his plea prior to sentencing. The lower court properly denied the motion as frivolous on the grounds that the true motive for the motion was a sentencing concern.

Affirmed.

[5] Although the Illinois Supreme Court remanded for an evidentiary hearing because of a potential misunderstanding between defendant and his counsel, the court stated, 38 Ill 2d 44:

*We do not believe that a statement of innocence,* accompanied by a motion to withdraw a plea of guilty by a defendant theretofore adequately informed of the nature of the charge to which he was admitting guilt and adequately admonished as to the possible consequences of such plea, *is sufficient of itself to require allowance of such motion.*

McDonald, P.J., concurred.

Murphy, J. *(dissenting).* Although defendant was charged with four separate crimes, a nolo contendere plea was offered on two of the crimes and accepted by the court because it was represented to the court that defendant had no memory of the events surrounding the charged crimes. Unlike a guilty plea where the defendant must present a factual recitation of the events to permit a trial court to accept the plea, the court in a nolo contendere plea is proscribed from asking the defendant about the alleged crime. MCR 6.101(F)(3)(b). The "factual basis" for the plea referred to in the majority opinion was provided in some manner other than by defendant's own statement in open court.

The written motion to set aside the nolo contendere plea in this case contains the following:

> That your petitioner does not have any memory or recollection of the evening of May 16, 1987, the alleged date of the offense and does not believe that he [is] guilty of the actions for which he is charged.

A testimonial hearing was held and the trial court acknowledged that the testimony of defendant was consistent with the written motion. The trial court, however, denied defendant's motion to withdraw his nolo contendere plea because it concluded that the request was frivolous. Basically, the trial court concluded the request to withdraw the plea was frivolous because it was motivated by defendant's primary concern regarding his sentence. Like the majority opinion, the trial court relied upon *People v Paulus,* 121 Mich App 445; 328 NW2d 659 (1982), lv den 417 Mich 1025 (1983), reconsideration gtd and remanded on other

grounds 417 Mich 1100.15 (1983), and *People v Camargo,* 163 Mich App 581; 415 Mich 211 (1987), as authority for concluding that a motion to withdraw a plea is frivolous if it is based upon concerns regarding a defendant's pending sentence.

I am unpersuaded by the dicta in *Paulus* and *Camargo* which suggests that concerns regarding sentencing make a request to withdraw a plea frivolous. I reach this conclusion after a careful review of *People v Bencheck,* 360 Mich 430; 104 NW2d 191 (1960), the seminal case on "great liberality" in allowing a defendant to withdraw a plea prior to sentence or trial. In *Bencheck,* the facts reveal it was only after the defendant was in court and heard what sentence his older brother received, presumably for the same offense, that the defendant sought to withdraw his guilty plea. It is clear to me that the Court in *Bencheck* did not consider the fact that a potential sentence may have been a motivating factor for the defendant's request to withdraw a plea to constitute frivolity.

The Supreme Court in *Bencheck, supra,* p 432, stated:

> Generally, it is considered that there is no absolute right to withdrawal of a guilty plea. . . . But this Court's decisions suggest that the trial judge's discretion be exercised with great liberality when the motion is made prior to sentence or commencement of trial.

The same "great liberality" standard is to be applied whether the request is to withdraw a guilty plea or a nolo contendere plea. See *People v Lewandowski,* 394 Mich 529; 232 NW2d 173 (1975).

*Bencheck* and its progeny are founded on the premise that a right to a jury trial is so important that the exercise of that right should not be impeded by belief in the defendant's guilt:

> The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right. [*Bencheck, supra,* p 433.]

See *Lewandowski, supra; People v Zaleski,* 375 Mich 71; 133 NW2d 175 (1965). See also *People v Moreno,* 411 Mich 859 (1981), *People v Matthews,* 393 Mich 771 (1974), and *People v Malone,* 385 Mich 769 (1971).

The majority seems to be influenced by the fact that defendant "offered no alternative explanation of the events which form the factual support for his earlier plea." As indicated, defendant was alleged to have no memory of the events and did not himself offer a factual basis for his earlier plea. At the motion to withdraw his plea, defendant still claimed to have no memory of the events on the date of the offense. Simply, without memory, how could defendant offer an alternative explanation? I do not believe this is an appropriate burden to place on a defendant who pled nolo contendere because of lack of memory of the events surrounding the alleged crime.

There are arguments that with the new sentencing procedures the "great liberality" rule announced in *Bencheck* should no longer be the standard applied to a request for the withdrawal of a plea. In fact, the Supreme Court has granted leave in *People v Westerfield,* unpublished opinion per curiam of the Court of Appeals, decided January 30, 1989 (Docket No. 108820), for the purpose of considering this issue. 432 Mich 919 (1989). *Westerfield,* however, was not a case based on a nolo contendere plea.

Nonetheless, until the "great liberality" standard enunciated in *Bencheck* and its progeny is

either abandoned or altered by the Supreme Court, stare decisis mandates that this rule is the law and it is to be followed and applied to all presentence requests by a defendant for the withdrawal of a guilty or nolo contendere plea. Unlike the majority, I believe it is inappropriate for this Court to try to anticipate the future holdings of our Supreme Court. See *People v Mitchell,* 428 Mich 364, 369-370; 408 NW2d 798 (1987). In addition, I take issue with the majority's statement that "the absolute liberalization of the standard of withdrawal advocated by the dissent is contrary to *our* prior precedents and at odds with the policy direction established by the Supreme Court." (Emphasis added.) I remind the majority that the binding precedent applicable to this case is the Supreme Court's decision in *People v Bencheck, supra,* not any decision out of this Court attempting to alter that precedent.

Finally, as for the majority's reference to and reliance on the admittedly inapplicable new rules of criminal procedure and the staff comment, I would simply note that in its order of August 23, 1989, adopting the rules, the Supreme Court stated that "the staff commentary which accompanies these rules was not prepared by the Court and is *not intended as a pronouncement on their meaning."* (Emphasis added.)

In my view, *Bencheck, Lewandowski* and *Zaleski,* as applied to the facts of this case, require that defendant be allowed to withdraw his nolo contendere plea. I would reverse the lower court's order and allow defendant to withdraw his plea.