PEOPLE v COTTRELL

Docket No. 162474. Submitted July 27, 1993, at Lansing. Decided
August 17, 1993, at 9:00 A.M.

Darryl J. Cottrell pleaded guilty in the Jackson Circuit Court of
retail fraud, Charles A. Nelson, J.; assault with intent to do
great bodily harm less than murder, James G. Fleming, J.; and
escape from jail, Alexander C. Perlos, J. More than forty-two
days after sentencing but less than eighteen months after the
judgments of conviction, the defendant requested but was de-
nied, on the basis of untimeliness, appointment of appellate
counsel. The defendant filed a delayed application for leave to
appeal in the Court of Appeals, challenging the refusal of the
request for appointed counsel. In lieu of granting leave, the
Court of Appeals decided the matter by peremptory opinion.

The Court of Appeals *held:*

A trial court abuses its discretion in denying a defendant's
request for appointment of appellate counsel made within the
eighteen-month period after the entry of the judgment of
conviction and sentence during which the defendant may file
an application for leave to appeal, MCR 7.205(F)(3), if the only
reason for denial is that the request was not made within forty-
two days after sentencing, MCR 6.425(E)(3).

Reversed and remanded.

CRIMINAL LAW — APPOINTMENT OF APPELLATE COUNSEL — TIMELI-
NESS.

A trial court may not deny a request for the appointment of
appellate counsel solely on the basis that the request was not
made within forty-two days after sentencing if the request is
made within eighteen months after the entry of the judgment
of conviction and sentence (MCR 6.425[E][3], [F][1][b], 7.205[F]
[3]).

Darryl J. Cottrell, in propria persona.

REFERENCES

Am Jur 2d, Criminal Law §§ 732-736, 743-746, 763, 975, 976-983.

Supreme Court's views as to accused's federal constitutional right
to counsel on appeal. 102 L Ed 2d 1049.

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and TAYLOR, JJ.

PER CURIAM. Defendant has filed a delayed application for leave to appeal a circuit court order denying as untimely his request for the appointment of counsel.

Defendant pleaded guilty of three felonies on June 29, 1992, and was sentenced on August 12 and 13, 1992, to prison for each conviction. His request for the appointment of counsel was due within forty-two days, MCR 6.425(E)(3), and was submitted slightly more than one hundred days late. The circuit court denied the request, checking the box indicating that denial was based solely on the untimeliness of the request, using form CC 402 (12/89), which form is promulgated by the State Court Administrative Office.

The issue concerning the propriety of denying untimely requests for the appointment of counsel in criminal cases has come before this Court repeatedly, prompting us to conclude that, although plenary consideration and its attendant delays would be neither necessary nor helpful to proper resolution of the issue, precedential guidance for the benefit of the bench and bar is necessary. Therefore, in lieu of granting leave, we resolve the issue with this peremptory opinion pursuant to MCR 7.205(D)(2). *People v Smith,* 200 Mich App 237; 504 NW2d 21 (1993).[1]

The issue presented is governed by MCR 6.425(F)(1)(b), which provides:

Untimely Request. If an indigent defendant's request is not timely,

---

[1] In the past eighteen months there have been several dozen such cases. Twenty-three of the twenty-four judges on this Court have made rulings consistent with this opinion.

(i) the court must grant the request if it is filed within the time for filing an appeal of right;

(ii) the court should liberally grant the request as long as the defendant may file an application for leave to appeal.

An application for leave to appeal, as referenced in MCR 6.425(F)(1)(b)(ii), may be filed within eighteen months of sentencing, MCR 7.205(F)(3). While the Supreme Court has not defined in the rule what it means by "liberally grant," a similar "great liberality" standard has for many years applied to the granting of requests to withdraw guilty pleas before sentencing. See *People v Zaleski,* 375 Mich 71, 79; 133 NW2d 175 (1965). Unfortunately those precedents are not directly applicable to this area of jurisprudence.

Nonetheless, some of what the courts have done in such cases provides a relevant guideline. In *Zaleski* and its progeny, the issue was whether the request was "obviously frivolous" and whether it was made before a specified deadline, which in those cases was sentencing, but here is eighteen months. The problem we face is that there is nothing "obviously frivolous" with respect to the appointment of counsel. If the trial courts were to make a preliminary assessment of the merits of a potential appeal, they would first have to analyze the issues that might be raised by means of something analogous to *Anders v California,* 386 US 738; 87 S Ct 1396; 18 L Ed 2d 493 (1967). Not only would this require the trial court to judge for itself the propriety of its own rulings and decisions in the case, in violation of the constitutional principle that no person can be a judge in his own case. *In re Murchison,* 349 US 133; 75 S Ct 623; 99 L Ed 942 (1955), but the mental process involved would also be excessively time consuming. The use of

such a yardstick to determine whether discretion has been abused in exercising "liberality" would be both circuitous and needlessly profligate in view of scarce judicial resources.

A more workable standard suggests that delay alone can never be a reason for denying the appointment of counsel in conjunction with a first appeal. Where lateness alone is the characteristic that calls for the exercise of judicial discretion, the denial of a request for no reason other than delay constitutes an abuse of discretion. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 663-664; 213 NW2d 134 (1973). Accordingly, it is error requiring reversal to deny a request for the appointment of counsel in these circumstances solely on the basis that the request is untimely, if it is otherwise filed within the eighteen months allowed by MCR 7.205(F)(3), or any other applicable time constraint governing leave to appeal.

The decision of the circuit court in this cause, denying defendant's request for the appointment of counsel as untimely, is reversed. The trial court abused its discretion by giving no reason other than tardiness for denying defendant's request for appointment of counsel made within the eighteen months allowed for appeal by leave. On remand, the circuit court shall appoint counsel to assist defendant in postconviction and appellate proceedings upon a proper showing of indigency, MCR 2.002.

Reversed and remanded. This Court retains no further jurisdiction.