AUTO CLUB INSURANCE ASSOCIATION v CITY OF FARMINGTON
HILLS

Docket No. 181931. Submitted September 4, 1996, at Lansing. Decided
November 12, 1996, at 9:25 A.M. Leave to appeal sought.

Auto Club Insurance Association filed a petition in the 47th District
Court to contest the reasonableness of towing and daily storage
charges assessed by the City of Farmington Hills through a private
towing service on an automobile that was seized by the Farmington
Hills police from an insured of the petitioner to preserve evidence
of possible negligent homicide arising out of a two-car accident.
The automobile remained impounded for 2½ years until a jury
acquitted the petitioner's insured of negligent homicide. By that
time, the petitioner had become the owner of the vehicle upon pay-
ing its insured for the loss of the vehicle, and storage fees had
accrued at daily rates of $5 and $7 to reach a total of $4,595 with
the towing fee included. The court, Frederick L. Harris, J., found
the petitioner liable for the charges. The Oakland Circuit Court,
Steven N. Andrews, J., affirmed on appeal. The petitioner appealed
by leave granted.

The Court of Appeals *held*:

1. MCL 257.252d(1)(e); MSA 9.1952(4)(1)(e) allows a police
agency to provide for the immediate removal of a vehicle from pub-
lic or private property to a place of safekeeping at the expense of
the registered owner of the vehicle if the vehicle must be seized to
preserve evidence of a crime or when there is reasonable cause to
believe that the vehicle was used in the commission of a crime.

2. The notices specified by MCL 257.252d(2); MSA 9.1952(4)(2)
were not required for the petitioner because the circumstances of
the storage of the petitioner's automobile did not constitute any of
the situations for which notice under § 252d(2) is required. In any
event, the petitioner, within thirty days of the conclusion of its
insured's criminal trial, received written notice that it could redeem
the automobile and contest the reasonableness of the towing and
storage fees in the manner prescribed by § 252d(2).

3. MCL 257.252d(3); MSA 9.1952(4)(3) provides that a vehicle
owner may contest the reasonableness of towing and daily storage
fees. A determination of the reasonableness of such fees requires

evaluation of the daily fee and the circumstances surrounding the storage of the vehicle, including the availability of less costly alternative storage arrangements in cases where the vehicle is held for preservation of evidence in a criminal prosecution. Here, the district court evaluated the daily storage fee and correctly determined that it was reasonable. However, the district court failed to consider the availability of less costly alternative storage arrangements, especially in light of the fact that the petitioner was willing to store the automobile on its own premises at little or no cost. The case must be remanded for a reevaulation by the district court of the reasonableness of the towing and storage fees.

Reversed and remanded.

AUTOMOBILES — POLICE SEIZURES — PRESERVATION OF EVIDENCE OF CRIMES — TOWING AND STORAGE FEES — REASONABLENESS.

An automobile owner may contest the reasonableness of towing and daily storage fees assessed on the owner following the seizure of the automobile by a police agency for the preservation of evidence of a crime; a court, in determining the reasonableness of the fees assessed, must evaluate the rates at which the fees were charged and the circumstances surrounding the storage, including the availability of less costly alternative storage arrangements (MCL 257.252d[1][e],[3]; MSA 9.1952[4][1][e],[3]).

*Becker, Lanctot, McCutcheon, Schoolmaster, Taylor & Hom* (by *James E. Hoehner*) (*John A. Lydick,* of Counsel), for the petitioner.

*Kohl, Secrest, Wardle, Lynch, Clark and Hampton* (by *Stephen G. Meads*), for the respondent.

Before: MARKMAN, P.J., and McDONALD and M. J. MATUZAK,* JJ.

MARKMAN, P.J. Petitioner appeals by leave granted a circuit court order affirming a district court order requiring it to pay towing and storage charges of $4,595 for a motor vehicle previously owned by petitioner's insured. We reverse and remand.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The motor vehicle at issue was involved in a fatal accident on May 24, 1991. The Farmington Hills police responded to a call about the accident. At the scene, they informed the driver, petitioner's insured, that both vehicles involved in the accident were being impounded and where they would be stored. The driver was arrested and charged with negligent homicide. Pursuant to instructions from the officer in charge of the prosecution, the towing company placed a "hold" on the vehicle because it might be used as evidence in a criminal prosecution. Petitioner later paid its insured and became the owner of the vehicle. On September 24, 1993, a jury acquitted the driver in the negligent homicide case. At that time, the officer in charge informed the towing company that it could release the vehicle. Petitioner received written notice, dated October 15, 1993, that it could claim the vehicle. When it attempted to do so, petitioner was informed that it would have to pay storage charges for the entire 2½ year period. The fees were based on a contract between respondent and the towing company that provided for storage fees of $5 a day from May 24, 1991, to February 15, 1993, and $7 a day from February 15, 1993, through the date of release. Petitioner petitioned the district court for a hearing regarding the reasonableness of the towing and storage fees. The district court opined that the result seemed "discriminatory" and "ridiculous," but ruled against petitioner. The circuit court affirmed.

MCL 257.252d; MSA 9.1952(4) provides for the removal of vehicles in such situations:

> (1) A police agency or a governmental agency designated by the police agency may provide for the immediate removal of a vehicle from public or private property to a

place of safekeeping at the expense of the registered owner of the vehicle in any of the following circumstances:

(e) If the vehicle must be seized to preserve evidence of a crime, or when there is reasonable cause to believe that the vehicle was used in the commission of a crime.

Here, the police officers properly removed the vehicle from the scene of the accident "to a place of safekeeping at the expense of the registered owner of the vehicle" pursuant to § 252d(1)(e). This provision makes the vehicle owner responsible for the costs of removal and safekeeping. Because petitioner became the owner of the vehicle, it is responsible for towing and storage costs under § 252d(1)(e). Petitioner argues that § 252d(1)(e) makes owners responsible only for short-term storage until they redeem their vehicles. However, the statute clearly addresses situations where a vehicle is impounded in connection with a criminal prosecution. Criminal prosecutions are frequently not completed until many months or even years after the incidents giving rise to them. Accordingly, in the absence of language limiting the time frame of such "safekeeping," we assume that the Legislature contemplated that vehicles might be stored for extended periods pursuant to § 252d(1)(e).

Petitioner next claims that respondent violated the notice requirements of the statute. Section 252d requires the police agency to provide notice to the vehicle owner as follows:

(2) A police agency which authorizes the removal of a vehicle under subsection (1) shall do all of the following:

(a) Check to determine if the vehicle has been reported stolen.

(b) Within 24 hours after removing the vehicle, enter the vehicle into the law enforcement information network if the

vehicle has not been redeemed. This subdivision does not apply to a vehicle that is removed from the scene of a motor vehicle traffic accident.

(c) If the vehicle has not been redeemed within 10 days after moving the vehicle, send to the registered owner and the secured party as shown by the records of the secretary of state, by first-class mail or personal service, a notice that the vehicle has been removed; however, if the police agency informs the owner or operator of the vehicle of the removal and the location of the vehicle within 24 hours after the removal, and if the vehicle has not been redeemed within 30 days and upon complaint from the towing service, the police agency shall send the notice within 30 days after the removal. The notice shall be by a form furnished by the secretary of state. The notice form shall contain the following information:

(i) The year, make, and vehicle identification number of the vehicle.

(ii) The location from which the vehicle was taken into custody.

(iii) The date on which the vehicle was taken into custody.

(iv) The name and address of the police agency which had the vehicle taken into custody.

(v) The location where the vehicle is being held.

(vi) The procedure to redeem the vehicle.

(vii) The procedure to contest the fact that the vehicle was properly removed or the reasonableness of the towing and daily storage fees.

(viii) A form petition which the owner may file in person or by mail with the specified court which requests a hearing on the police agency's action.

(ix) A warning that the failure to redeem the vehicle or to request a hearing within 20 days after the date of the notice may result in the sale of the vehicle and the termination of all rights of the owner and the secured party to the vehicle or the proceeds of the sale or to both the vehicle and the proceeds. [MCL 257.252d; MSA 9.1952(4).]

Here, the police informed the driver of the removal
and the location of the vehicle at the time of removal.
Accordingly, they were not required to send him writ-
ten notice within ten days of removal under
§ 252d(2)(c). The requirement in § 252d(2)(c) of writ-
ten notice within thirty days of removal is triggered
"upon complaint from the towing service." Further,
§ 252d(2)(c)(ix) requires that the notice may include
a "warning that the failure to redeem the vehicle or to
request a hearing within 20 days after the date of the
notice may result in the sale of the vehicle . . . ."
Here, because of the "hold" on the vehicle to preserve
it as evidence, the vehicle could not be redeemed at
the time a thirty-day notice would have been sent, nor
did the towing service file a complaint. Under these
circumstances, the thirty-day notice of § 252d(2)(c) is
simply not triggered. Accordingly, the police agency
did not violate the thirty-day notice requirement of
§ 252d(2)(c) here. The vehicle was available for
redemption when the trial was completed on Septem-
ber 24, 1993. Within thirty days of that date, on Octo-
ber 15, 1993, the police agency sent petitioner a TR-
52, a form notice that complies with the notice
requirements of § 252d(2)(c)(i)-(ix). Specifically, this
notice informed petitioner of its right to contest the
towing and storage charges, as follows:

> The registered owner may contest whether the vehicle
> was properly removed or deemed abandoned or the reason-
> ableness of the towing and storage fees by filing the
> attached petition . . . within 20 days of the date of this
> notice, to request a hearing.

Petitioner did, in fact, avail itself of this process for
initiating a hearing regarding the reasonableness of

the fees. Under these circumstances, we find no violation of the notice requirements of § 252d.

We note that § 252d is clearly intended to address situations in which a vehicle is removed and stored for safekeeping in connection with a criminal prosecution. Despite this intent, its notice provisions are not triggered until the towing company files a complaint and the vehicle is available for redemption. Because criminal prosecutions are frequently not completed until a substantial amount of time has elapsed from the incidents giving rise to them, the effect of the statute is to provide no means for owners to contest the reasonableness of the removal of the vehicle and of the fees charged until substantial fees may have accrued. Petitioner's contention that a hearing regarding the reasonableness of the removal of the vehicle and of the storage fees is better held earlier in the process is well taken. Clearly, it would be preferable to determine the "reasonableness" of the costs entailed in a vehicle's safekeeping at a time when alternative arrangements can still be made to minimize such costs. However, that legislation appears "undesirable, unfair, unjust or inhumane does not of itself empower a court to override the legislature and substitute its own solution." *Doe v Dep't of Social Services,* 439 Mich 650, 681; 487 NW2d 166 (1992), quoting *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 667-667; 232 NW2d 636 (1975). The bottom line here is that petitioner was provided with an opportunity, which it utilized, to contest the reasonableness of the storage fees charged.

Section 252d provides that the owner may contest the reasonableness of towing and storage fees:

> (3) The registered owner may contest the fact that the vehicle was properly removed or the reasonableness of the towing fees and daily storage fees by requesting a hearing. A request for a hearing shall be made by filing a petition with the court specified in the notice within 20 days after the date of the notice. If the owner requests a hearing, the matter shall be resolved after a hearing conducted pursuant to sections 252e and 252f. . . . If the court finds that the vehicle was not properly removed, the police agency shall reimburse the owner of the vehicle for the accrued towing and storage fees. [MCL 257.252d; MSA 9.1952(4).]

Petitioner argues that the daily storage fees were unreasonable because it could have arranged for the safekeeping of the vehicle during the criminal prosecution on its own premises at little or no cost. During oral argument, counsel for petitioner specifically averred that it is the practice of other communities in Michigan to utilize such alternative arrangements to preserve evidence. Respondent stated that it would have been willing to release the vehicle to petitioner before completion of the criminal prosecution if the driver would have stipulated that the condition of the vehicle would not be an issue in the prosecution. However, we believe that a criminal defendant should not be required to bargain away issues in his criminal trial in order to avoid exorbitant vehicle storage fees.

Section 252d(3) specifically authorizes a registered owner "to contest the reasonableness of the towing fees and daily storage fees." The relevant inquiry here is not simply whether the amount of the daily storage fee is intrinsically "reasonable." We do not dispute that a daily storage fee of $5 or $7 is probably reasonable when viewed in the abstract. However, a determination whether storage fees are "reasonable" requires that we evaluate not merely the "reasonable-

ness" of the amount of a daily storage fee but also the "reasonableness" of the application of such a fee to the vehicle at issue in the first place. Such a determination thus requires consideration of the circumstances surrounding the storage of the vehicle.[1] A determination of "reasonableness" must take into account the availability of less costly alternative storage arrangements to preserve vehicles for criminal prosecutions. We accordingly remand this matter to the district court for reconsideration of the "reasonableness" of the storage fees. Such reconsideration should take into account not only the intrinsic "reasonableness" of the amount of the daily fees—which it has already evaluated—but also the reasonableness of the storage costs in the aggregate in view of any alternative arrangements respondent could have used to preserve the vehicle as evidence in the criminal prosecution.

Finally, petitioner claims that § 252d is unconstitutional if applied to make it responsible for 2½ years of storage fees. Specifically, it contends that this application of § 252d violates equal protection and due process rights guaranteed by US Const, Am XIV and Const 1963, art 1, §§ 2 and 17 and constitutes an unconstitutional taking without just compensation contrary to US Const, Am V and Const 1963, art 1, § 17 and art 10, § 2. We need not address petitioner's constitutional claims here because we adhere to "the well-established rule of avoiding a constitutional question when the case can be resolved on a noncon-

---

[1] We note that § 252d also authorizes an owner to contest the propriety of the removal of the vehicle—a determination that necessarily requires inquiry into the particular circumstances surrounding the removal of the vehicle.

stitutional basis." *People v Stafford*, 434 Mich 125, 132, n 3; 450 NW2d 559 (1990).

For these reasons, we reverse the circuit court order affirming the district court order that denied petitioner's motion contesting the fees and remand to the district court for reconsideration of the reasonableness of the fees charged in the context of the relevant circumstances, including the availability of alternative arrangements for safekeeping of the vehicle.