PEOPLE v NAJAR

Docket No. 206084. Submitted February 6, 1998, at Lansing. Decided April 21, 1998, at 9:15 A.M.

David R. Najar pleaded guilty in the Saginaw Circuit Court of delivering marijuana and of being a fourth-offense habitual offender. The defendant made a timely request for the appointment of appellate counsel, claiming that the court erred at sentencing by not giving him credit toward his prison sentence for time spent in jail before sentencing. The court, Patrick M. Meter, J., denied the request for appointed counsel. The defendant appealed by leave granted.

The Court of Appeals *held*:

MCR 6.425(F)(1)(c) provides that a trial court shall liberally grant a request for the appointment of appellate counsel following a plea of guilty or nolo contendere if the request is filed within forty-two days after sentencing. If, as in this case, an indigent defendant raises any issue other than one relating to the facial regularity of the plea-taking procedure, the trial court's adherence to a sentencing agreement, a plain correction of clerical error in court documents, or other instances absolutely devoid of merit, the request for appointment of appellate counsel should be granted. If the indigent defendant raises a properly preserved issue by alleging that the advice of rights given by the trial court did not comply with MCR 6.302(B) or that the defendant was not sentenced in accordance with an agreement and thus is entitled to withdraw the plea, the trial court can easily examine the record to determine the accuracy of the claim. If, upon examination of the record, the trial court finds the claim to be inaccurate, it can exercise its discretion to deny the request for appointed appellate counsel.

Reversed and remanded.

FITZGERALD, J., concurring only with the majority's analysis of MCR 6.425(F)(1)(c) and its conclusion, stated that this case can be decided solely on the basis of MCR 6.425(F)(1)(c) and it was not necessary to address the issue whether an indigent defendant has a constitutional right to appointed counsel in pursuing an application for leave to appeal.

CRIMINAL LAW — APPEAL — APPOINTED APPELLATE COUNSEL — PLEAS OF GUILTY OR NOLO CONTENDERE.

> A trial court shall liberally grant a request for the appointment of appellate counsel following a plea of guilty or nolo contendere if the request is made within forty-two days after sentencing; the request should be granted if the defendant raises any issue other than one relating to the facial regularity of the plea-taking procedure, the trial court's adherence to a sentencing agreement, a plain correction of clerical error in court documents, or other instances absolutely devoid of merit; the request can be denied if the trial court, after examining the record, determines that the defendant has timely but inaccurately claimed that the trial court failed to comply with the court rule on advice of rights or that the defendant was not sentenced in accordance with an agreement and thus is entitled to withdraw the plea (MCR 6.302[B], 6.425[F][1][c]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Henry G. Marsh*, Special Prosecutor, for the people.

State Appellate Defender (by *Lyle N. Marshall*), for the defendant on appeal.

Before: GAGE, P.J., and FITZGERALD and WHITBECK, JJ.

PER CURIAM. Defendant David R. Najar appeals by leave granted an order denying his timely request for the appointment of appellate counsel following his plea of guilty. We reverse and remand for appointment of counsel.

## I. UNDERLYING FACTS

On December 5, 1995, defendant pleaded guilty of one count of delivery of marijuana, MCL 333.7401(2)(d); MSA 14.15(7401)(2)(d), and to the supplemental charge of habitual offender, fourth offense, MCL 769.12; MSA 28.1084. In exchange for the plea, the prosecution agreed to dismiss one count of felon in possession of a firearm and to recommend a minimum sentence within the sentencing guidelines.

On December 27, 1995, the trial court sentenced defendant to two years, four months to fifteen years in prison. The minimum term was within the sentencing guidelines. The trial court denied sentencing credit in excess of four days, finding that, as of August 14, 1995, defendant was incarcerated under a sentence in another case, not because of his inability to post bond in the instant case.

On February 8, 1996, the trial court denied defendant's timely request for the appointment of appellate counsel. Defendant and others who had been denied counsel under similar circumstances joined in a complaint for superintending control filed with the Michigan Supreme Court. On March 28, 1997, that Court dismissed the complaint; however, in doing so, it stated that petitioners could file motions for appointment of counsel in the trial courts within twenty-one days, and that the trial courts must appoint counsel to argue the motions.

On July 21, 1997, the trial court denied defendant's request for appointment of appellate counsel. While acknowledging that an indigent defendant has the right to appellate counsel in a first appeal of right, the trial court noted that that right had not been extended to a discretionary appeal, citing *Ross v Moffit*, 417 US 600; 94 S Ct 2437; 41 L Ed 2d 341 (1974). The trial court characterized as "tempting" defendant's argument that, if a discretionary appeal is the only form of appeal provided, counsel must be appointed. However, the trial court nevertheless found that policy reasons supported the denial of a request for counsel following a plea. The trial court reasoned that because a plea proceeding is straightforward and counsel is afforded to ensure that the

proceeding conforms to applicable laws, a pro se defendant wishing to challenge the proceeding would be able to identify potential meritorious issues.

The trial court rejected defendant's argument that MCR 6.425(F)(1)(c), which states that a trial court should "liberally grant" a timely request for appellate counsel in a plea case, required the appointment of counsel in such a case. The trial court distinguished *People v Cottrell*, 201 Mich App 256, 259; 506 NW2d 12 (1993), in which this Court held that an untimely request for appellate counsel made under MCR 6.425(F)(1)(b)(ii), as then in effect, cannot be denied on the basis of delay alone.[1] The trial court noted that the instant case did not involve an untimely request for counsel. Moreover, the trial court rejected as dicta this Court's indication in *Cottrell, supra* at 258, that a trial court should not examine the record in its own case to determine if arguable appellate issues could be raised. The trial court noted that trial courts are routinely asked to evaluate their own rulings when passing on requests for relief in motions for new trial, motions for rehearing, and so forth.

Addressing the specifics of defendant's case, the trial court found that no arguable appellate issues existed and that the seriousness of the offenses for

---

[1] At the time of the *Cottrell* decision, MCR 6.425(F)(1)(b) provided:

"Untimely Request. If an indigent defendant's request is not timely,

"(i) the court must grant the request if it is filed within the time for filing an appeal of right;

"(ii) the court should liberally grant the request as long as the defendant may file an application for leave to appeal." [*Cottrell, supra* at 257-258.]

This is substantially the same as the current language of MCR 6.425, which is set out later in the main text of this opinion.

which defendant had been convicted did not warrant the appointment of appellate counsel. The trial court stated that the plea and sentencing proceedings complied with the applicable law and court rules and that the sentence imposed was within the sentencing guidelines. The trial court rejected defendant's assertion that he was entitled to jail credit for the period between August 10, 1995, the date of his initial incarceration, to December 27, 1995, the date of his sentencing for the instant offenses. The trial court found that, on August 14, 1995, defendant began serving a jail sentence for an unrelated offense. After that date, defendant was not incarcerated because of his inability to post bond in the instant case; therefore, he was not entitled to jail credit. MCL 769.11b; MSA 28.1083(2); *People v Prieskorn*, 424 Mich 327; 381 NW2d 646 (1985). Finally, the trial court stated, without further explanation, that the offenses of which defendant was convicted were not so serious as to warrant the appointment of appellate counsel.

## II. PROPOSAL B—EFFECT AND CONSEQUENCES

Before November 8, 1994, a defendant convicted by a jury or by a plea of guilty or nolo contendere had an appeal of right from such a conviction. In pertinent part, Const 1963, art 1, § 20 read:

> In every criminal prosecution, the accused shall have the right . . . to have an appeal as a matter of right; and as provided by law, when the trial court so orders, to have such reasonable assistance as may be necessary to perfect and prosecute an appeal.

Timely requests for appointment of appellate counsel were granted as a matter of course to defendants

claiming appeals from both jury and plea-based convictions.

On November 8, 1994, the voters of Michigan adopted Proposal B, which amended Const 1963, art 1, § 20 to eliminate appeals of right from plea-based convictions. Following the passage of Proposal B, Const 1963, art 1, § 20 now reads, in pertinent part:

> In every criminal prosecution, the accused shall have the right . . . to have an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court; and as provided by law, when the trial court so orders, to have such reasonable assistance as may be necessary to perfect and prosecute an appeal.

Following the passage of Proposal B, MCL 770.3(1)(e); MSA 28.1100(1)(e) was adopted, effective December 27, 1994. Section 3(1)(e) provides, "All appeals from final orders and judgments based upon pleas of guilty or nolo contendere shall be by application for leave to appeal."

The enactment of Proposal B did not change the language in Const 1963, art 1, § 20 regarding the right to reasonable assistance in perfecting and prosecuting an appeal. However, Const 1963, art 1, § 20, by its plain language, only provides for a right to such assistance "to perfect and prosecute *an appeal*." [Emphasis added.] This plainly does not include a right to such assistance in seeking *leave to bring an appeal*. An application for leave to bring an appeal is plainly and simply not an appeal. "The judiciary of this state is not free to simply engraft onto [a provision of the constitution] more 'enlightened' rights than the framers intended." *Sitz v Dep't of State Police*, 443 Mich 744, 759; 506 NW2d 209 (1993). In any event, given

the constitution's lack of specificity regarding an indigent's right to appointed counsel following a plea-based conviction and the Legislature's failure to enact legislation clarifying that right, the Michigan Supreme Court amended MCR 6.425 on an interim basis. Since December 30, 1994, MCR 6.425 has provided:

> (F) Appointment of Lawyer; Trial Court Responsibilities in Connection with Appeal.
>
> (1) Appointment of Lawyer.
>
> (a) Unless there is a postjudgment motion pending, the court must rule on a defendant's request for a lawyer within 14 days after receiving it. If there is a postjudgment motion pending, the court must rule on the request after the court's disposition of the pending motion and within 14 days after that disposition.
>
> (b) In a case involving a conviction following a trial, if the defendant is indigent, the court must enter an order appointing a lawyer if the request is filed within 42 days after sentencing or within the time for filing an appeal of right. The court should liberally grant an untimely request as long as the defendant may file an application for leave to appeal.
>
> (c) In a case involving a conviction following a plea of guilty or nolo contendere the court should liberally grant the request if it is filed within 42 days after sentencing.

On July 25, 1997, the Michigan Supreme Court directed that the current version of MCR 6.425 remain in effect until further order of that Court. See 455 Mich xxvi (1997).

The passage of Proposal B led to confusion regarding the scope of an indigent defendant's right to appointed counsel to pursue an application for leave to appeal following a plea-based conviction. The proper application of MCR 6.425 is not clear-cut. As a result, requests for counsel by indigent defendants

have met with inconsistent responses from trial courts across the state. Some trial courts have continued to appoint counsel upon request; however, other trial courts have taken a more narrow view and have apparently come close to routinely denying such requests. In this case, we attempt to define the scope of an indigent defendant's right to appointed counsel to pursue an application for leave to appeal following a plea-based conviction.

### III. ANALYSIS

Once a state has established appellate review in criminal cases, a defendant cannot be denied access to the process because of indigency. *Burns v Ohio*, 360 US 252, 257; 79 S Ct 1164; 3 L Ed 2d 1209 (1959). In *Burns*, the United States Supreme Court made it clear that a state may not, without violating the constitution deny an indigent criminal defendant who has been convicted of a crime the ability to file a pleading seeking leave to appeal because of the indigent defendant's inability to pay the applicable filing fee. That concern is not involved here; the ability of an indigent defendant to file an application in this Court for leave to appeal a plea-based conviction is unquestioned.

Further, this case does not present the situation in which the first appeal is as of right, in which case appointment of counsel would certainly be required under *Douglas v California*, 372 US 353, 356-357; 83 S Ct 814; 9 L Ed 2d 811 (1963). This case also does not involve a discretionary appeal taken to a higher court after an appeal of right with counsel has been heard before an intermediate appellate court, in which case appointment of counsel would not be required. *Ross*,

*supra.* Rather, this case concerns the extent to which such an indigent defendant should be provided the assistance of counsel, at public expense, in filing such an application to appeal a plea-based conviction.

We recognize that *Ross* included language emphasizing that the indigent defendant in that case had been provided an appeal of right, with a corresponding right to appellate counsel, at an intermediate appellate court in North Carolina *before* the challenged procedure for seeking discretionary review in the North Carolina Supreme Court, in which the indigent defendant was not afforded a right to appointed appellate counsel. Nevertheless, no decision of the United States Supreme Court requires a state, as a matter of federal constitutional law, to provide a convicted indigent defendant with the assistance of counsel in pursuing discretionary appellate relief. The Court in *Ross* reiterated "the traditional principle that a State is not obliged to provide any appeal at all for criminal defendants." *Id.* at 606. Further, the Fourteenth Amendment does not require absolute equality. *Id.* at 612. We view *Douglas, supra,* as holding that there is a federal constitutional right to appointed counsel in pursuing a first appeal *of right.* We find no federal or state constitutional right to appointed counsel in pursuing an application *for leave* to appeal.

Accordingly, in the absence of a Michigan statute regarding this subject, the right to counsel for an indigent defendant following a plea-based conviction is governed by MCR 6.425(F)(1)(c). This rule provides, as set forth above, that a trial court should "liberally grant" a request for appointed appellate counsel that is made within forty-two days after sentencing resulting from a plea-based conviction. The rule does not

*mandate* appointment of counsel, and we will not rewrite the rule to require the appointment of counsel in every case following a plea-based conviction.

We note that the same "liberally grant" language appears in MCR 6.425(F)(1)(b), in the context of an untimely request for appellate counsel following a trial. In *Cottrell, supra* at 259, this Court held that delay alone cannot serve as a basis for denying an untimely request for counsel under MCR 6.425(F)(1)(b). In so holding, this Court observed, in dicta, that we rejected a construction of the "liberally grant" language that would allow a trial court to make a preliminary assessment of the merits of a potential appeal before deciding to grant an untimely request for counsel. *Id.* at 258. *Cottrell* did not address what circumstances might justify the denial of a request for counsel. However, given that an assessment of the merits of a potential appeal was discouraged as a gate-keeping method, the practical effect of the *Cottrell* dicta may have been to induce trial courts to grant requests for counsel whenever an indigent defendant, convicted on the basis of a plea, can still file a delayed application for leave to appeal.

*Cottrell* was decided before the amendment of Const 1963, art 1, § 20 and MCR 6.425. It is distinguishable on that basis. Thus, we decline to apply its dicta to an analysis of the "liberally grant" language of MCR 6.425(F)(1)(c). Instead, we find a useful analogy in the standard formerly applied to a motion to withdraw a guilty plea brought before sentencing. Before the adoption on October 1, 1989, of MCR 6.310(B), which sets forth the current standard of review, a motion to withdraw a guilty plea was brought under GCR 1963, 785.7(6) or its successor, the former MCR

6.101(F)(6)(b). These rules stated that a court "may" set aside a plea on a defendant's motion. However, they did not specify a standard for the exercise of discretion. The appellate courts developed the "great liberality" standard to be used by trial courts in considering such requests. See, e.g., *People v Bencheck*, 360 Mich 430, 432; 104 NW2d 191 (1960). This standard allowed a defendant to withdraw a plea unless the request was obviously frivolous or clearly motivated by a concern regarding the sentence. *Id.* at 433. See also *People v Holmes*, 181 Mich App 488, 492-494; 449 NW2d 917 (1989). While application of this standard allowed a trial court to exercise discretion, it resulted in the granting of the motion in the majority of cases.

We conclude that the "liberally grant" language of MCR 6.425(F)(1)(c) should be similarly construed. This language presupposes that a trial court will both exercise discretion when passing on requests for appointment of counsel for indigent defendants seeking leave to appeal following plea-based convictions and approach such requests with an inclination to grant them. Of necessity, these requests come from the indigent defendants themselves, many of whom are uneducated and have little or no familiarity with the law. We recognize that many sophisticated issues that are not waived by a plea, such as double jeopardy, entrapment, and subject-matter jurisdiction, very likely could not be presented in an articulate manner by such indigent defendants.

We therefore hold that if an indigent defendant's request for counsel raises any issue other than one relating to (1) the facial regularity of the plea-taking procedure, (2) the trial court's adherence to a sentencing agreement, (3) a plain correction of clerical

error in court documents, such as a misspelling or a mathematical miscalculation, or (4) other instances absolutely devoid of merit,[2] the request for appointment of appellate counsel should be granted.

We further hold that if in a request for appointed appellate counsel an indigent defendant raises a properly preserved issue by alleging that the advice of rights given by the trial court did not comply with MCR 6.302(B) or that he was not sentenced in accordance with an agreement and thus is entitled to withdraw his plea, *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993), the trial court can easily examine the record to determine the accuracy of the claim. If upon examination of the record the trial court finds that the claim is not accurate, it can exercise its discretion to deny the request for appointed appellate counsel. A request in such a case may be granted if the trial court determines that the indigent defendant is in need of assistance to pursue an application for leave to appeal.

We believe that these guidelines will assist trial courts in this difficult area. We emphasize, however, that we do not propose to, or in fact, rewrite the language of MCR 6.425(F)(1)(c). The "liberally grant" standard contained in that rule clearly requires, and will continue to require, the exercise of discretion by the trial court.

---

[2] For example, an indigent defendant who was not previously arrested, tried, or convicted in connection with the charge or transaction underlying a plea-based conviction would plainly have no claim that such a conviction violated double jeopardy protections.

IV. CONCLUSION

In his request for appointment of appellate counsel, defendant Najar asserted that the trial court erred in failing to grant him credit against his sentence for the time he spent in jail between August 10, 1995, the date of his initial incarceration, and December 27, 1995, the date of his sentencing for the instant offenses. Applying the standard outlined above, and in light of the fact that defendant was not on bond, defendant should be provided with appointed appellate counsel, upon a proper showing of indigency, to assist him in seeking appellate review of his plea-based convictions.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

FITZGERALD, J. (*concurring.*) I believe that this case can be decided solely on the basis of MCR 6.425(F)(1)(c) and, therefore, I decline to address the issue whether an indigent defendant has a constitutional right to appointed counsel in pursuing an application for leave to appeal. See *Auto Club Ins Ass'n v Farmington Hills*, 220 Mich App 92, 100; 559 NW2d 314 (1996) (the well-established rule is to avoid a constitutional question when the case can be resolved on a nonconstitutional basis). I concur only with the majority's analysis of MCR 6.425(F)(1)(c) and its conclusion, and I express no opinion regarding the constitutional issue addressed by the majority.