586 N.W.2d 764 (1998)
231 Mich. App. 504
In re WITHDRAWAL OF ATTORNEY.
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Ronald TOOSON, Defendant-Appellant.
Docket No. 209703.
Court of Appeals of Michigan.
Submitted July 21, 1998, at Detroit.
Decided September 8, 1998, at 9:10 a.m.
Released for Publication December 10, 1998.
George C. Dovas, in pro per.
Before GAGE, P.J., and GRIBBS and TALBOT, JJ.
TALBOT, J.
Defendant pleaded guilty to first-degree retail fraud, M.C.L. § 750.356c; MSA 28.588(3). He was adjudicated as an habitual offender, fourth offense, M.C.L. § 769.12; MSA 28.1084, and sentenced to a term of one to fifteen years. Because defendant's crime *765 was committed after December 24, 1994, he has no appeal as of right and may obtain appellate review of his conviction and sentence only by application for leave to appeal. Const 1963, art 1, § 20. The trial court appointed George C. Dovas as appellate counsel. Counsel filed a delayed application for leave. Counsel also filed a motion to withdraw in reliance on Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
This Court has never considered whether appointed counsel must seek permission from this Court to withdraw pursuant to the Anders procedure and its corresponding court rule, MCR 7.211(C)(5), where there is no appeal as of right. We find that neither Anders nor MCR 7.211(C)(5) apply when appeal is by leave.[1]
First, this Court lacks jurisdiction over counsel's motion to withdraw. When an application for leave to appeal is filed, this Court's jurisdiction is limited to granting the application, denying it, or awarding peremptory relief. MCR 7.205(D)(2), 7.216(A). Plenary jurisdiction attaches only after leave is granted. MCR 7.205(D)(3). Only if and when leave is granted does this Court actually possess plenary power over this class of cases.
Moreover, by its terms Anders applies only to appeals as of right. If an Anders motion to withdraw is granted, the conviction and sentence is normally affirmed. If Anders were to apply to an application for leave, a defendant who sought leave to appeal would be in a worse position if appointed counsel moved to withdraw than if counsel filed a frivolous or meritless brief, because an application that is denied "for lack of merit in the grounds presented" would adjudicate only the issue actually raised rather than every conceivable issue.
Nor does MCR 7.211(C)(5) apply to the present motion. By its terms, that rule permits a motion to withdraw when appointed counsel for an indigent appellant determines, after a conscientious and thorough review of the trial court record, that "the appeal is wholly frivolous." MCR 7.211(C)(5)(c) offers two alternatives: this Court can grant the motion and affirm the conviction, which would be unjust when, as here, no brief raising an issue thought to be meritorious is presented; or this Court can deny the motion, whereupon "the court-appointed attorney must file an appellant's brief in support of the appeal." Neither alternative is appropriate here where leave to appeal has not been granted.
We recognize the dilemma this poses for appointed counsel. If the attorney files an application despite the lack of any colorable issue, the attorney is subject to potential discipline and criminal contempt and to monetary sanctions. On the other hand, if the attorney does nothing, the Attorney Grievance Administrator may pursue a complaint for abandoning the representation. See, e.g., Warren E. Harris, Attorney Discipline Board order of reprimand concerning 77 Mich. B J 318-319 (1998).
Where counsel has been appointed to assist a defendant convicted by a plea of guilty or nolo contendere, a motion to withdraw is properly addressed to the appointing authority, the trial court. In re Hoffman, 382 Mich. 66, 79, n. 5, 84, 168 N.W.2d 229 (1969). If the motion to withdraw is granted, counsel will then be relieved of further responsibility in the matter following the trial court's determination that only frivolous appellate issues exist. Moreover, in keeping with People v. Najar, 229 Mich.App. 393, 581 N.W.2d 302 (1998), the defendant's opportunity for the assistance of counsel will have been fulfilled with liberality, without requiring attorneys to pursue meritless litigation. In re Hoffman, supra. At the very least, the defendant will be in no worse position than if counsel had not been appointed. If counsel files a motion patterned after Anderswhich, although not constitutionally required, may be a practical necessity as a prelude to the trial court's approval of withdrawala defendant who *766 opts to proceed in propria persona will at least have the advantage of using whatever legal research and marshaling of authorities counsel generated as a starting point for seeking leave to appeal.
We recognize that there is a twelve-month jurisdictional limitation on seeking leave to appeal. MCR 7.205(F)(3) and (4). However, where the request for the appointment of counsel and actual appointment of counsel occur within the twelve months allowed, as long as subsequent actions are timely taken, the motion-to-withdraw process will be regarded as tolling the running of the twelve-month period. Riza v. Niagara Machine & Tool Works, Inc, 411 Mich. 915 (1981).
In a situation like the case at bar, where defendant's plea was the product of a bargain in which a more serious initial charge with the potential penalty of life imprisonment was dismissed, counsel may well persuade the client that even if there is some viable issue to be used as a basis for appellate relief, the outcome may be reinstatement of the original charges. Instead of seeking withdrawal by motionan adversary proceedingcounsel may well convince the defendant of the wisdom of abandoning the pursuit of available appellate remedies and voluntarily allowing counsel to withdraw, at which time a stipulation to dismiss would be filed with the trial court.
If only frivolous issues can be identified, and the client will not consent to abandon the pursuit of appellate relief, counsel may file a motion and supporting brief, MCR 2.119(A)(2), in the trial court. The trial court has discretion to rescind the order of appointment, People v. Najar, supra, for reasons recognized as valid by In re Hoffman, supra, or by analogy to Anders v. California, supra.
We hold that Anders does not apply where, as here, appeal is by leave. Thus a motion to withdraw in this case is not properly addressed to this Court but to the court that appointed counsel. Accordingly, the motion to withdraw in the case at bar is denied, without prejudice to the filing of such a motion in the Washtenaw Circuit Court, where this case originated, and this matter is remanded to the trial court. The application for leave to appeal, not being accompanied by the equivalent of a supporting brief, is denied, MCR 7.216(A)(10), without prejudice to the pursuit of any substantive issue concerning defendant's conviction and sentence in either the trial court or this Court, if otherwise within the Court's jurisdiction and consistent with the time allowed by court rule. We do not retain jurisdiction.
NOTES
[1] Because of the importance of this issue to both the bench and the bar, we have opted to address the matter by means of this peremptory opinion. MCR 7.205(D)(2); 7.216(A)(7); People v. Nicolaides, 148 Mich.App. 100, 101, 383 N.W.2d 620 (1985); Manuel v. Dep't of Corrections, 140 Mich. App. 356, 357, 364 N.W.2d 334 (1985).