SULLIVAN, Justice,
concurring in result.
I write separately because I believe that Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), articulates the correct standard for measuring whether counsel rendered ineffective assistance as a matter of constitutional law when counsel failed to appeal the denial of Hill’s request to file a belated direct appeal.
The Court, in footnote 4, correctly points out that “[i]f a P-C.R. 2 petition is granted, counsel’s performance in conjunction with the direct (albeit belated) appellate review of a defendant’s claims is judged under Strickland.” Hill v. State, 960 N.E.2d 141, 147 n.4 (Ind.2012). This is so because the Equal Protection and Due Process Clauses guarantee an appellant in a criminal case the right to the effective assistance of counsel in a first appeal of right.[1] Evitts v. Lucey, 469 U.S. 387, 396-97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); Mosley v. State, 908 N.E.2d 599, 604 (Ind.2009). And it is well settled that we measure effective assistance of counsel on appeal by the two-pronged standard first enunciated in Strickland. Bieghler v. State, 690 N.E.2d 188, 192-93 & n. 1 (Ind.1997) (citing Lissa Griffin, The Right to Effective Assistance of Appellate Counsel, 97 W. Va. L. Rev. 1, 20 n.120 (1994)).
This limits the issue in this case to the very narrow question of whether a person convicted of a crime is entitled to Strickland counsel during proceedings litigating whether a belated appeal may be pursued or not. The Court says no — Baum counsel is enough — but I respectfully disagree.
I
First, I think Halbert v. Michigan, 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005), teaches that a P-C.R. 2 petitioner has a federal constitutional right to the effective assistance of counsel.
In Michigan, a person who pleads guilty (or nolo contendere) may appeal only “by application for leave to appeal,” Mich. Comp. Laws Ann. § 770.3(l)(d) (West 2006); that is, Michigan requires an “application” for permission to appeal be granted by the Michigan Court of Appeals before an appeal on the merits can be prosecuted, see People v. Bulger, 462 Mich. 495, 614 N.W.2d 103, 105 & n. 1 (2000), overruled in part by Halbert, 545 U.S. at 609-10, 125 S.Ct. 2582; People v. Najar, 229 Mich.App. 393, 581 N.W.2d 302, 305 (1998), overruled in part by Bulger, 614 N.W.2d at 109 n. 5. In Halbert, a defendant who had pled nolo contendere sought appointed “counsel to assist him in applying for leave to appeal to the Michigan Court of Appeals.” Halbert, 545 U.S. at 609, 125 S.Ct. 2582. The Supreme Court held that “the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals.” Id. at 610, 125 S.Ct. 2582.
To be sure, there are some differences between the “application” required in Michigan and the “petition” required by P-C.R. 2, most notably the criteria by *152 which they are evaluated by the respective reviewing courts. And I acknowledge that part of the Supreme Court’s analysis in Halbert focused on this point. See id. at 618, 125 S.Ct. 2582 (distinguishing between the discretion exercised in first-tier and second-tier appeals). But I think that, at bottom, HalbeH stands for the proposition that there is a Fourteenth Amendment right to counsel when what is at stake is “the first, and likely the only, direct review the defendant’s conviction and sentence will receive.” Id. at 619, 125 S.Ct. 2582. And this is so whether the proceeding is “formally categorized as the decision of an appeal or the disposal of a leave application.” Id. (emphasis added).
In sum, Halbert held that the federal constitutional right to counsel in a first appeal of right recognized in Evitts v. Lu-cey extends to assisting defendants in applying for leave to appeal to the Michigan Court of Appeals because what was at stake was “the first, and likely the only, direct review the defendant’s conviction and sentence will receive.” Halbert, 545 U.S. at 619, 125 S.Ct. 2582. Hill is similarly situated. In petitioning for permission to file a belated appeal, what was at stake was his first, and likely the only, direct review that his sentence would receive.
II
Apart from what I believe is a federal constitutional requirement that we measure Hill’s counsel’s performance by the Strickland standard, there is a state constitutional interest at stake here as well. Article VII, § 6, of the Indiana Constitution requires this Court to promulgate “rules which shall ... provide in all cases an absolute right to one appeal.” I have always taken satisfaction that our P-C.R. 2 preserves the Art. VII, § 6, constitutional right to appeal of any person who fails to file a timely appeal through no fault of his or her own and who is diligent in requesting permission to file a belated appeal.
Several years ago, Chief Justice Shepard, writing for a unanimous court in a sentencing case, warned of the Court erecting legal barriers that “ran the risk of impinging on” the Art. VII, § 6, constitutional right to an appeal. Serino v. State, 798 N.E.2d 852, 856 (Ind.2003). This sentiment honored our citizens’ state constitutional right to an appeal. But it seems to me that the Court runs just such a risk of impinging upon the constitutional right to an appeal when it allows the “less onerous” (the Court’s characterization, Hill, 960 N.E.2d at 149) Baum standard rather than Strickland to govern appeals. The Court should not deem to be adequate representation of Indiana citizens exercising their state constitutional right to appeal that would not pass federal constitutional muster.
Ill
Believing that federal constitutional law requires that we apply Strickland and that, even if it doesn’t, we should apply Strickland to infuse Art. VII, § 6, with the full measure of protection our citizens deserve, I analyze counsel’s performance here through Strickland’s two-pronged standard. While I find counsel’s performance to have been deficient in failing to meet the filing deadline, I find no prejudice in that Hill has not met the diligence requirement of P-C.R. 2 and so his appeal would not have prevailed as a matter of law. For this reason, I concur in the result of the Court’s opinion.

. A "first appeal of right” or "first-tier appeal” (as it is sometimes called) in Indiana will normally be to the Court of Appeals and a "second-tier appeal” to this Court.