# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARCUS DONTE RUSSELL-MINTER,

      Defendant-Appellant.

UNPUBLISHED
April 11, 2017

No.  330949
Kent Circuit Court
LC No.  14-010707-FH

Before:  BORRELLO, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Following a guilty plea and the imposition of a prison sentence, defendant was appointed appellate counsel.  After meeting with defendant and shortly before the filing deadline was to run, appellate counsel informed defendant that she would not pursue an appeal on his behalf. Defendant objected, citing what he believed were numerous issues that needed to be raised on appeal.  Appellate counsel then brought a motion to withdraw as defendant's appellate counsel and requested that the trial court appoint substitute appellate counsel.  The trial court denied the motion.  For the reasons set forth in this opinion, we reverse the ruling of the trial court and remand the matter to the trial court for the appointment of substitute appellate counsel.

## I.  BACKGROUND

In this case, defendant pleaded guilty to obtaining more than $1,000 but less than $20,000 by false pretenses, MCL 750.218(4)(a) and was sentenced on January 29, 2015, to 46 months to 60 years' imprisonment, with credit for six days served.  On February 19, 2015, the trial court entered an amended judgment of sentence.  On March 6, 2015, the trial court appointed Michigan Appellate Assigned Counsel System (MAACS) a roster attorney (appellate counsel) to represent defendant on appeal, thus giving defendant until August 19, 2015, to file an application for leave to appeal or seek other relief.  MCR 7.205(G)(3).

On July 22, 2015, appellate counsel visited defendant via the State Appellate Defender Office's (SADO) video conference facility prompting defendant to write to appellate counsel, in relevant part:

> This letter is brought in good-faith with very careful research done as for
> my request for your professional help.  Also thank you for the visit yesterday.  I

can only hope my research can convince you that my plea <u>can</u> and <u>should</u> be withdrawled [sic].

On August 16, 2015, defendant sent a letter to MAACS informing it of appellate counsel's potential mishandling of his case. In his letter to MAACS, defendant claims that, despite his letter to appellate counsel, appellate counsel sent a letter stating that she "[would] not be filing a[n] appeal on [his] behalf and is closing [his] case out . . . attorney stated [he had] no viable issues which is completely false."[1] The jurisdictional deadline to seek relief in the trial court or the Court of Appeals expired on August 19, 2015. When the jurisdictional deadline passed, appellate counsel had not filed anything on defendant's behalf, including an *Anders*[2] brief, a motion to vacate the appointment order, or a motion for relief from judgment.

Upon hearing from defendant, MAACS apparently advised appellate counsel that she should not file a motion for relief from judgment under MCR 6.500, or a motion to vacate the appointment order due to the absence of viable appellate issues, because either course of action would implicate appellate counsel's prior handling of defendant's case and would necessarily raise a conflict of interest. Therefore, on November 9, 2015, after the deadline for seeking relief had already passed, appellate counsel filed a motion to withdraw as appointed appellate counsel and to reappoint new appellate counsel. On November 19, 2015, the trial court entered an opinion and order denying appellate counsel's motion to withdraw and reappoint new counsel, stating, in part:

> This Court is satisfied that [appellate counsel] has displayed a willingness to work with defendant in this case, but finds that there has not been an adequate showing that defendant has caused a sufficient enough obstruction, or that there has been a destruction of communication. Furthermore, this Court is not satisfied that there has been a true breakdown in the attorney-client relationship. Therefore, neither counsel is entitled to withdrawal nor is defendant entitled to appointment of substitute appellate counsel at this time.

The trial court further stated in its order:

> However, [appellate counsel] has asserted in her Motion that she 'does not see any viable issues for appeal,' essentially indicating, but not substantiating, that defendant's appeal would be frivolous. If counsel believes this to be true, she may file a subsequent motion to vacate appointment before this Court, filed in conformity with *Anders v California* pursuant to *People v Tooson (In re Withdrawal of Attorney)*.[3]

---

[1] MAACS asserts that it did not receive defendant's letter until September 15, 2015.

[2] *Anders v California*, 386 US 738; 87 S Ct 1396; 18 L Ed 2d 493 (1967), reh den 388 US 924 (1967).

[3] *People v Tooson (In re Withdrawal of Attorney)*, 231 Mich App 504, 507; 586 NW2d 764 (1998).

Therefore, on December 9, 2015, appellate counsel filed a motion for reconsideration regarding the denial of her motion to withdraw and reappoint appellate counsel. Appellate counsel again alleged in the motion that the attorney-client relationship had broken down and that she was unable to "resurrect any fruitful attorney[-]client relationship or any communication".

On December 10, 2015, the trial court issued an opinion and order denying the motion for reconsideration, stating that appellate counsel had not "'demonstrate[d] a palpable error by which the court and the parties have been misled and show[n] that a different disposition of the motion must result from the correction of the error.'" The trial court again invited appellate counsel to pursue relief via filing an *Anders* brief: "If counsel is eager to withdraw from her representation of defendant, she may attempt to substantiate her assertions that there are no viable issues for appeal by filing said *Anders* brief for this Court's evaluation." This appeal then ensued.[4]

## II. ANALYSIS

MAACS, acting as defendant's counsel in this matter, argues on appeal that the trial court erred by denying the motion to withdraw and for substitute counsel thereby forcing appellate counsel to operate under a conflict of interest and depriving defendant of his right to seek appellate review.

We review a trial court's decision regarding the substitution of counsel for an abuse of discretion. *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011). A trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes. *Id*.

In *People v McFall*, 309 Mich App 377, 382-383; 873 NW2d 112 (2015), this Court stated:

> An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Substitution of counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause may exist when a legitimate difference of opinion develops between a defendant and his appointed counsel as to a fundamental trial tactic, when there is a destruction of communication and a breakdown in the attorney-client relationship, or when counsel shows a lack of diligence or interest. A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause. Likewise, a defendant's general unhappiness with counsel's representation is insufficient. (Quotation marks and citations omitted).

---

[4] The Prosecutor did not file a brief in this matter.

-3-

Thus the central issue on appeal, as it was before the trial court, is whether at the time the request was made by appellate counsel, there existed good cause for substitution of counsel. Following our review of the record in this matter, we find that defendant demonstrated good cause by showing his appellate counsel's lack of diligence in this matter.

As previously stated, defendant had until August 19, 2015, to seek relief in either the trial court or the Court of Appeals. Defendant contends that he received a letter from appellate counsel on August 11, 2015—eight days before the deadline—in which appellate counsel wrote to defendant that she would not seek leave to appeal on his behalf due to a lack of viable issues on appeal. Defendant disagreed, and appellate counsel, having previously met with and discussed defendant's appeal knew that defendant would disagree with such an assertion. Following the date on which appellate counsel initially notified defendant that she would not be filing a brief, she never followed through with the appropriate process of filing an *Anders* brief with the trial court.[5] Additionally, appellate counsel never asked or received defendant's written consent to withdraw the appeal. Lastly we note that appellate counsel also failed to file a motion to vacate the appointment before the filing deadline. Instead, appellate counsel simply let the deadline pass on defendant's deadline to seek appellate relief. This series of actions and inactions can best be described as a lack of diligence on the part of appellate counsel; a lack of diligence which lead directly to the loss of defendant's right to an appeal. As stated by this Court in *McFall*, lack of diligence constitutes good cause for the appointment of substitute counsel. *McFall*, 309 Mich App at 383. Hence, because defendant was able to demonstrate that appellate counsel showed a lack of diligence in pursuing his appeal, he has demonstrated good cause for the appointment of substitute counsel. *Id.*

Having found that defendant has demonstrated good cause for the appointment of substitute counsel, we next address whether substitution of counsel would unreasonably disrupt the judicial process. *McFall*, 309 Mich App at 383. On this issue the trial court was silent. However, this Court cannot glean any evidence from the record that substitution of appellate counsel would unreasonably disrupt the judicial process. If the trial court would have granted defendant's motion to withdraw, then substitute appellate counsel would have been appointed, and defendant's case would have continued its normal course.

In conclusion, defendant demonstrated that appellate counsel's lack of diligence in pursuing defendant's appeal foreclosed defendant's right to pursue an appeal. Such a showing demonstrated good cause for the trial court to appoint substitute appellate counsel. *McFall*, 309 Mich App at 383. Additionally we cannot glean from the record that substitution of counsel

---

[5] We note that after the filing deadline had passed, the trial court twice suggested to appellate counsel that she should file an *Anders* brief. However, in this case we find that in addition to not filing a timely *Anders* brief, appellate counsel also had a conflict of interest. By undertaking the trial court's suggestion, appellate counsel would have been arguing the lack of viable issues on appeal after her own handling of the appeal had foreclosed appellate relief. See, MRPC 1.7(b).

would unreasonably disrupt the judicial process. *Id.* Hence, the trial court abused its discretion when it denied defendant's request for substitute appellate counsel. Accordingly, we reverse the ruling of the trial court and remand this matter to the trial court for the appointment of substitute appellate counsel.

Reversed and remanded to the trial court with instructions to appoint substitute appellate counsel. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle